UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SHEEHY, et al.,

                              Plaintiffs,


                                                        **Hon. Hugh B. Scott**

                    v.
                                                        02CV592A

                                                        **Order**

MARY ANN WEHLAGE, et al.,

                              Defendants.



         Before the Court is defendants Mary Ann Wehlage and Allegany County Society for the

Prevention of Cruelty to Animals ("Allegany County SPCA")'s joint motion for leave to amend

Answer (Docket No. 145[1]; cf. Docket No. 42, Wehlage and Allegany County SPCA Ans. to Am.

Compl., Docket No. 144, SPCA Defs. Atty. Decl. ¶ 8, Ex. C (proposed amended pleading)).

## BACKGROUND

         This civil rights case arises from the seizure of plaintiffs' dairy cattle from their family

farm upon the alleged direction of defendants Wehlage and the Allegany County SPCA

(collectively the "SPCA defendants" or "movants").  Familiarity with the facts from prior

Reports & Recommendations (Docket Nos. 38 ("VEB R&R"), 72, 117, 137) and Orders (Docket

Nos. 79, 95, 123, 130, 140) is presumed.  Note, the Court has yet to enter a Scheduling Order in

---

[1]In support of their motion, defendants filed an attorney's declaration with the proposed amended pleading, Docket No. 144, id. ¶ 8, Ex. C, a memorandum of law, Docket No. 143, a reply memorandum of law, Docket No. 153, a reply attorney's declaration, Docket No. 154, as well as codefendants' counsel's letter, Docket No. 152; see Docket No. 154, SPCA Defs. Atty. Reply Decl. ¶ 3, Ex. A.  In opposition, plaintiffs' counsel submitted an Affidavit, Docket No. 151.

this case that would determine when the parties could amend their respective pleadings or complete discovery.

*Complaint*

Pertinent for this motion, plaintiffs Robert and Sandra Sheehy and their children, are owners of a dairy farm and cattle in Scio, New York. They used a method of "intensive rotational grazing" to feed their cattle. (Docket No. 1, Compl. ¶¶ 1-5, 18-29, 31-32, "Compl."; VEB R&R at 4). They allege that defendants made false assertions that plaintiffs' cattle were malnourished, and, based on those assertions, obtained a warrant to enter and search plaintiffs' farm and seize approximately 115 head of cattle (Docket No. 95, Order at 1-2).

Sometime in August 2002, defendant Mary Ann Wehlage, an animal control officer for Olean, asked defendants Thomas Becker and Gordon Wuethrich (agents of the United States Department of Agriculture) to visit plaintiffs' farm, which Becker and Wuethrich did on August 15. Wehlage allegedly asked them to provide false and misleading statements concerning the condition of plaintiffs' cattle so that a search warrant could be obtained (Compl. ¶¶ 36-39). Knowing she needed a supporting statement from a veterinarian or an animal control officer with personal knowledge of the existence of cruelty to animals, Wehlage allegedly induced Becker and Wuethrich (who lacked training in cattle feeding and conditioning) to provide false and misleading statements concerning the condition of plaintiffs' cattle (Compl. ¶¶ 40-42). Wehlage falsely represented that she could see the cattle from the street and falsely reported that the cattle were underfed and suffered from a condition of feeding the cattle too much grain called "rumen acidosis." (Compl. ¶ 42.)

Wehlage, with approximately fifty police personnel and a search warrant, entered the farm on August 22, 2001, to execute the warrant.  Defendant Robert McNeill, a veterinarian employed by defendant Lakewood Veterinary Service ("Lakewood"), arrived and (allegedly ignoring the actual condition of the cattle) determined that the cattle should be seized due to a claim "of future potential problems."  (VEB R&R at 5; Compl. ¶¶ 50-55.)  McNeill ordered the seizure of dozens of healthy cows that manifested no physical distress.  Defendants seized the cattle, plaintiffs' entire herd. (VEB R&R at 5; Compl. ¶¶ 56-59.).

On August 16, 2002, plaintiffs filed their initial Complaint (Docket No. 1) alleging, among other things, that defendants negligently, wilfully, and fraudulently procured the search warrant which authorized the search of their farm on August 21, 2001, in violation of plaintiffs' civil rights.  The Complaint alleged twelve state common law claims and a thirteenth claim under 42 U.S.C. § 1983, all arising from the search of plaintiffs' farm, the seizure and subsequent sale of the cattle (including calves born and milk produced after the seizure).  (Docket No. 1, Compl. ¶¶ 81-135.)

*Subsequent Proceedings*

The SPCA defendants served an Answer to this initial Complaint on October 29, 2002 (Docket No. 16).[2]  Following the first round of dismissal motions (see Docket Nos. 10, 19, 22;

---

[2]Much of the procedural history of this case involves motions by other defendants to have claims dismissed as to them or for summary judgment rendered in their favor.  See Docket Nos. 10, 19, 22, 39 (defendants' objection to R&R), 51, 52, 56, 98 (motions); Docket Nos. 38, VEB R&R (recommending substitution and dismissal of United States, dismissal of Judge Turybury, McNeill, and Lakewood as to one claim), 72 (recommending dismissal of Judge Turybury, Wuethrich), 117 (recommending dismissal of Becker), 79 (order adopting No. 38), 95 (order adopting No. 72), 123 (order adopting No. 98), 130 (order amending No. 123).  Plaintiffs vigorously opposed these motions, Docket Nos. 23-24, 30-31, 36, 63-64, 73, 76, 106-09, 119, including appealing some of the ordered dismissals, see Docket Nos. 97, 104 (2d Cir. Case

see also Docket No. 38), plaintiffs filed an Amended Complaint on June 20, 2003 (Docket
No. 40; see Docket No. 144, SPCA Defs. Atty. Decl. ¶ 7, Ex. B),  again alleging the same
thirteen causes of action as in the initial Complaint.  The only notable change in the Amended
Complaint from the original was adding to the thirteenth cause of action, specifying liability for
private actors Wehlage, McNeill, and Lakewood under 42 U.S.C. § 1983 (Docket No. 40, Am.
Compl. ¶¶ 134-36), consistent with Magistrate Judge Bianchini's direction (see VEB R&R at 21)
and one of the Sheehy children was added as a plaintiff.  All other allegations are verbatim the
same from the initial Complaint.

Wehlage and the Allegany County SPCA answered the Amended Complaint on July 1,
2003 (Docket No. 42).  Several co-defendants in this action moved to dismiss claims against
them (see note 2, supra).  Thus, the remaining defendants are Wehlage, the Allegany County
SPCA, and McNeill and Lakewood (see Docket No. 123, Order of Mar. 7, 2005, at 9).  The
SPCA defendants moved to amend Chief Judge Arcara's March 7, 2005, Decision & Order
(Docket No. 125) deleting a reference to Wehlage's statement being included with the warrant
application (Docket No. 126, SPCA Defs. Atty. Decl. ¶¶ 5-6; cf. Docket No. 123, Order at 3).
Chief Judge Arcara granted their motion (Docket No. 130).

*Motion for Leave to Amend the Answer*

After setting aside the default against defendants McNeill and Lakewood (see Docket
No. 124) and allowing them to file and Answer (Docket Nos. 137 (R&R), 140 (Order adopting

No. 04-4088-cv), 122 (stipulated withdrawal of appeal No. 04-4088, Jan. 24, 2005), 129, and
seeking compelled discovery, Docket No. 105.
        Defendant American Society for the Prevention of Cruelty to Animals was voluntarily
dismissed from the case on January 7, 2003, Docket No. 33.

R&R); <u>see</u> Docket No. 141, Ans. with Cross-Claim of McNeill, et al., Docket No. 144, SPCA

Defs. Atty. Decl. ¶ 7, Ex. D (same); <u>see also</u> Docket No. 142, Wehlage and Allegany County

SPCA Reply to McNeill, et al., Cross-Claims), the SPCA defendants now move to amend their

Answer.  They seek to add immunity and good-faith defenses previously asserted by other

defendants, and assert cross-claims against the remaining co-defendants McNeill and Lakewood

(Docket No. 143, SPCA Defs. Memo. of Law at 2).  Co-defendants' counsel consented to the

amendment adding the new cross-claims against her clients, but movants were unable to obtain

consent of plaintiffs' counsel (Docket No. 144, SCPA Defs. Atty. Decl. ¶ 3).  They contend that

there has been no discovery in this case and, therefore, no party would be prejudiced by this

amendment (<u>id.</u> ¶¶ 4, 5).  Meanwhile, in January 2006, Wehlage left the SPCA (<u>see</u> Docket

No. 154, SPCA Defs. Atty Reply Decl. ¶ 4).

        The Court issued a briefing schedule (Docket Nos. 147, 150), with response to this

motion due by March 22, 2006, any reply by March 29, 2006, and argument for April 11, 2006.

The Court also scheduled a status conference for the rest of this action on April 11, 2006 (<u>id.</u>)

        Plaintiffs oppose this amendment, arguing that defendants have delayed discovery in this

action for three years (<u>see</u> Docket No. 151, Pls. Memo. of Law at 1).  With all the preliminary

motions to dismiss or for summary judgment dismissing plaintiffs' claims, no discovery has

begun and no Rule 16 conference has been held to allow for the initiation of discovery, <u>see</u> Fed.

R. Civ. P. 26(f), (d), 16(b) (<u>see</u> Docket No. 117, Report & Recommendations, of Nov. 8, 2004, at

8-9, 15, 16; <u>see also</u> Docket No. 96, Order of June 29, 2004, denying plaintiffs' request for a

Rule 16 or 26(f) conference).

The SPCA defendants reply that in other cases, prior to discovery, leave to amend a pleading has been readily granted (Docket No. 153, SPCA Defs. Memo. at 2-3).

## **DISCUSSION**

I.      Leave to Amend Standard

Under Federal Rule of Civil Procedure 15(a) amendment of pleading (including an Answer) after the time to do so as of right requires either consent of all parties (not present here, see Docket No. 151, Pls. Atty. Aff. in Opposition) or by leave of the Court.  Under Rule 15(a) motions for leave to amend are to be freely given when justice requires.  Granting such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"  Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).  Determinations of whether a party has unduly delayed seeking to amend are left to the discretion of the Court.  Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

II.     Application Here

The SPCA defendants argue that leave to amend should be freely given and that the grounds for denying such leave--prejudice, undue delay--are not present here.  Since the last of the defendants recently answered and from their pleadings plaintiffs are not surprised by the

SPCA defendants' new defenses, movants conclude that they should be granted leave to amend

their Answer to assert the same defenses.  (Docket No. 143, SPCA Defs. Memo. at 3.)

Plaintiffs contend that defendants have delayed even commencing discovery for three

years by their motion practice, including the SPCA defendants' latest motion for leave to amend

their Answer (Docket No. 151, Pls. Memo. at 1).  Plaintiffs point to the three years's delay

between movants' Answer to their Amended Complaint and their present motion and term this to

be undue delay (Docket No. 151, Pls. Atty. Aff. ¶ 7).  Plaintiffs, however, do not point to delay

attributable to Wehlage and the Allegany SPCA.  Plaintiffs also raise the existence of a potential

conflict between Wehlage and the Allegany SPCA.  According to counsel's affidavit, the SPCA

defendants' counsel told plaintiffs' counsel that Wehlage may no longer be with the Allegany

County SPCA and thus may require separate counsel (Docket No. 151, Pls. Atty. Aff. ¶ 4).  If

there is a conflict, plaintiffs conclude that a joint amended pleading should not be filed (id. ¶ 5).

Counsel for the SPCA defendants counter that there is no conflict between Wehlage and

the SPCA with respect to the subject matter of the claims alleged (Docket No. 154, SPCA Defs.

Atty. Reply Decl. ¶ 5; Docket No. 153, SPCA Defs. Memo. at 6), reiterating in open court during

the argument of the motion that no conflict exists (see Docket No. 156).

Since the target of the SPCA defendants' cross-claims has no objection (see Docket

No. 144, SCPA Defs. Atty. Decl. ¶ 3, Docket No. 143, SPCA Memo. at 4; Docket No. 154,

SPCA Defs. Atty. Reply Decl. ¶ 3, Ex. A), so much of their motion seeking leave to amend the

Answer to assert those cross-claims is **GRANTED**.

As for asserting new defenses against plaintiffs, the SPCA defendants argue that plaintiffs

fail to cite a case similar to this one where movants sought leave to amend prior to discovery

commencing and without indication of prejudice to any party, distinguishing the cases plaintiffs

cite (Docket No. 153, SPCA Defs. Memo. at 2-5).  Regarding plaintiffs' argued potential conflict

between Wehlage and the Allegany County SPCA, the movants deny that such a conflict exists

(Docket No. 154, SPCA Defs. Atty. Reply Decl. ¶ 5).

Plaintiffs suffer no prejudice for the newly asserted defenses by the SPCA defendants,

which merely assert defenses raised already by other defendants.  The three-year delay in

commencing discovery was due to other defendants' motions and the failure of two defendants to

serve Answers to the Amended Complaint (Docket Nos. 96, 117, 123, 128, 137, 140) and not to

the SPCA defendants' inaction.  A review of the docket shows that the SPCA defendants

answered the original Complaint (Docket No. 16) and the Amended Complaint (Docket No. 42),

while co-defendants engaged in motion practice (see supra at 3 n.2, 4). Granting the SPCA

defendants leave to amend their Answer to assert additional defenses already asserted against

plaintiffs will not delay this action further.  Plaintiffs will not be prejudiced by having four

defendants claim immunity and good faith defenses.  As a result, movants' motion as to the new

defenses is also **GRANTED**.

With argument of this motion, the Court held a status conference and issued a Scheduling

Order for commencing discovery and other pretrial activities (Docket Nos. 156 (minute entry),

157 (Scheduling Order)).

## <u>CONCLUSION</u>

For the reasons stated above, defendants Mary Ann Wehlage and Allegany County SPCA's joint motion for leave to amend their Answer (Docket No. 145) is **granted** in its entirety.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       April 12, 2006