UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SHEEHY, et al.,

                        Plaintiffs,



                v.                                              **Hon. Hugh B. Scott**

                                                                02CV592A

                                                                **Order**

MARY ANN WEHLAGE, et al.,

                        Defendants.



        Before the Court are defendants Mary Ann Wehlage and Allegany County Society for the

Prevention of Cruelty to Animals ("Allegany County SPCA")'s joint motions (a) for a protective

order against responding to plaintiffs' interrogatories (Docket No. 161[1]); (b) to compel plaintiffs

to respond to the discovery demands of Wehlage and Allegany County SPCA (collectively

"SPCA defendants") (Docket No. 165[2]); and (c) plaintiffs' cross-motion[3] to compel the SPCA

defendants to answer plaintiffs' interrogatories and document demands, seeking leave of Court

for plaintiffs' to complete interrogatories and demands, and granting them a forty-day extension

to answer or object to defendants' interrogatories (Docket Nos. 169, 170, Pls. Atty. Aff. ¶ 16).

---

        [1]In support of their motion, the SPCA defendants filed an attorney's declaration with
exhibits, Docket No. 162, attorney's reply declaration, Docket No. 174.  In opposition, plaintiffs
submitted their cross-motion, with attorney's affidavit, Docket No. 169.

        [2]In support of this motion, the SPCA defendants filed an attorney's declaration with
exhibits, Docket No. 166.  In opposition, plaintiffs submit their cross-motion, Docket No. 169.

        [3]In support of their cross-motion, plaintiffs submitted their attorneys' affidavit.  In
opposition, the SCPA defendants submitted their attorney's reply declaration, Docket No. 174.

**BACKGROUND**

This civil rights case arises from the seizure of plaintiffs' dairy cattle from their family

farm upon the alleged direction of the SPCA defendants.  Familiarity with the facts from prior

Reports & Recommendations (Docket Nos. 38, 72, 117, 137) and Orders (Docket Nos. 79, 95,

123, 130, 140) is presumed.

*Pending Discovery Motions*

After delays due to other parties' motions, the remaining defendants and plaintiff engaged

in discovery (see also Docket No. 157, Scheduling Order).  Plaintiffs served upon the SPCA

defendants a set of interrogatories that asks 114 interrogatories, with a total of over 300 questions

including the subparts (Docket No. 162, Def. Atty. Decl. ¶ 4, Ex. A) and document requests that

exceed this Court's local rules limiting the number of requests, see W.D.N.Y. Loc. Civ. R. 34

(not to exceed 25 requests, including discrete subparts) (id. ¶ 4).  Despite requests by defense

counsel to withdraw these interrogatories as violating the limits set in the Federal Rules for the

number of interrogatories, see Fed. R. Civ. P. 33(a) (not to exceed 25 questions including all

discrete subparts), and being unduly burdensome, plaintiffs persist in raising these interrogatories

(id. ¶¶ 4, 5, Ex. B).  Plaintiffs contend that every request in their demand is relevant, and that the

case is complex, involving several parties and over 100 head of cattle at issue (Docket No. 170,

Pls. Atty. Aff. ¶¶ 4, 5).  Apparently, tests were performed on each cow and thus plaintiffs needed

to pose individual questions as to the results of each test on each cow, avoiding confusion if

questions were consolidated (id. ¶ 6).  Plaintiffs deny that Federal Rule of Civil Procedure 33 or

this Court's Local Civil Rule 34 limit the number of requests to 25 (id. ¶ 9).  They argue that the

SPCA defendants have not shown how any of their interrogatories are improper (id. ¶¶ 10-11).

Belatedly, plaintiffs now seek leave to pose the number of questions and requests they sought

beyond the limits set forth in the rules (Docket No. 169).

Meanwhile, the SPCA defendants served their discovery demands, which plaintiffs had

not responded to.  In particular, these defendants served requests for production of documents

and interrogatories (Docket No. 166, Def. Atty. Decl. ¶¶ 2, 3, Exs. A, B) in June and, without

requested extensions of time to respond, plaintiffs had not responded to these discovery

demands.  Defense counsel made efforts to obtain this material short of motion practice (and

noting plaintiffs' waiver if timely responses or requests for extension were not made) but

plaintiffs have not responded (id. ¶¶ 4-6, Exs. C-E), by rule waiving any objections to these

requests.  These defendants, in fact, had to cancel two depositions due to plaintiffs' default (id.

¶ 7).  Plaintiffs now cross-move for an extension of forty days to respond to defendants'

demands, stating that counsel believed she had sent the interrogatories to her clients, but they

never received them (Docket No. 170, Pls. Atty. Aff. ¶¶ 13-15), but plaintiffs or their counsel did

not state this to the SPCA defendants in response to defendants' inquiries prior to filing their

motion.

The SCPA defendants, in their reply, repeat that plaintiffs' demands are burdensome.  For

example, the mixture of discovery devices (interrogatories that must be under oath and document

demands under Rule 34 which are not under oath) would require defendants to separate the

responses requiring verification from the rest that do not (Docket No. 174, Defs. Reply Decl. ¶ 3

n.2).  The SCPA defendants state that plaintiffs never conferred with them regarding plaintiffs'

cross-motion (id. ¶ 4).  They deny that this matter is complex so as to require the extensive

inquiry from plaintiffs, as this matter is limited in time and number of people (id. ¶ 5), regardless of the number of cattle involved.

*Briefing Schedules*

The Court set briefing schedules for each motion.  Responses to the motion for a protective order were due by July 14, 2006, and any reply was due by July 21, 2006 (Docket No. 164); responses to the SPCA defendants' motion to compel were due by July 21, 2006, and any reply was due by August 1, 2006 (Docket No. 168), as was when responses to plaintiffs' cross-motion were due (Docket No. 172).  All pending motions were deemed submitted, without oral argument, on August 1, 2006 (Docket Nos. 168, 172, see Docket No. 164).

## DISCUSSION

I.      Discovery Standards and Sanctions

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that

disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Similarly, under Rule 26(c),

prior to obtaining a protective order the movants must certify that they have in good faith

conferred or attempted to confer with the other affected parties in an effort to resolve the dispute

without court intervention, Fed. R. Civ. P. 26(c).  Under Rule 26(c), the Court has power to

protect against abuses in discovery.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  The

appropriateness of a protective order is a balance of the litigation needs of the requesting party

and the protectable interests of the party from whom discovery is sought.  Mitchell v. Fishbein,

227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in issuing such a

protective order.  Seattle Times, supra, 467 U.S. at 36.

> Under Rule 37(a)(4), if the motion to compel is granted, the Court
>
> "shall, after affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney advising such
> conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, . . ., unless the court finds that the motion was
> filed without the movant's first making a good faith effort to obtain the discovery
> or disclosure without court action, or that the opposing party's nondisclosure,
> response, or objection was substantially justified, or that other circumstances
> make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).

The amendments to the Federal Rule in 1993 and 2000 now require parties to limit the

number of their interrogatories.  Interrogatories "without leave of court or written stipulation"

may not exceed 25 in number including discrete subparts, Fed. R. Civ. P. 33(a).  Production of

documents is limited within the scope of Rule 26(b), Fed. R. Civ. P. 34(a), which, in turn, allows

the Court to limit any discovery method if the discovery sought is "unreasonably cumulative or

duplicative, or is obtainable from some other source that is more convenient, less burdensome, or

less expensive" or if "the burden or expense of the proposed discovery outweighs its likely

benefit, taking into account the needs of the case, the amount in controversy, the parties'

resources, the importance of the issues at stake in the litigation, and the importance of the

proposed discovery in resolving the issues," Fed. R. Civ. P. 26(b)(2)(I), (iii).  While the Federal

Rules have no express limit on the number of document requests, see 7 Moore's Federal Practice,

§ 34.02[3], at 34-11 (2006), by local rule this Court capped the number of document requests to

25, including discrete subparts, W.D.N.Y. Loc. Civ. R. 34.  The Court has the discretion to

expand the number of interrogatories beyond this limit, see Atkinson v. Denton Pub. Co., 84 F.3d

144, 148 (5th Cir. 1996), as it has the broad discretion whether to require an answer to an

interrogatory, see 8A Federal Practice and Procedure, supra, § 2176, at 311.  Similarly, this Court

has the discretion to allow parties to make more than 25 document requests.

II.     Application

     A.      Motion for a Protective Order

     The SPCA defendants note that plaintiffs' interrogatories sought answers to

114 questions and over 300 questions including their subparts as well as plaintiffs seeking in

those same interrogatories over 25 document requests.  Plaintiffs combined interrogatories with

document demands, seeking documents and asking questions about them and their authors (see

Docket No. 161, Defs. Atty. Decl. ¶ 4, Ex. A).  Plaintiffs here initially made no request to exceed

the discovery limits.  In their cross-motion, plaintiffs now seek leave to serve these

interrogatories and demands and to compel defendants to respond to these voluminous requests

and questions (Docket No. 169).  The core of these interrogatories and demands are information

about the factual basis for the seizure of plaintiffs' cattle.

"The point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case," Life Music v. Broadcast Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966).  Interrogatories may not be used to bypass the document production procedure of Rule 34, 8A Federal Practice and Procedure, supra, § 2163, at 221.  If a party serves more than 25 interrogatories without leave the party has the choice of either specifying which interrogatories (up to 25) it wants answered or resubmitting complying interrogatories, id. § 2168.1, at 262-63.  The party seeking leave to serve more than 25 interrogatories "must set forth a 'particularized showing'" to exceed the limit, Duncan v. Paragon Publ'g, Inc., 204 F.R.D. 127, 128 (S.D. Ind. 2001) (quoting Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999)).  Courts grant leave when the benefit of discovery outweighs the potential burden on the responding party, 7 Moore's Federal Practice, supra, § 33.40, at 33-42, § 33.30[3][b], at 33-38.  Courts generally deny requests for more than 25 interrogatories initially, preferring instead to consider requests to add interrogatories after a party has served 25 interrogatories and argues that additional interrogatories are needed, 7 Moore's Federal Practice, supra, § 33/30[3][b], at 33-38.1; see Duncan, supra, 204 F.R.D. at 129.

Here, regardless of whether the subparts can be counted as a single question because of some "common theme" sought to be elicited (see Docket No. 170, Pls. Atty. Aff. ¶ 8), the number of interrogatories posed by plaintiffs here far exceeds the 25 limit without a prior request for leave to go beyond the limit.  Plaintiffs have the options of either identifying which 25 interrogatories (including subparts) they want answered or to resubmit their initial interrogatories as up to 25 interrogatories, as well as seeking this information by other discovery methods (such as a separate document demand, within this Court's 25 demand limit, W.D.N.Y.

Loc. Civ. R. 34, or by depositions, which plaintiffs have noticed, Docket No. 174, Defs. Atty.

Reply Decl. ¶ 5).  The discovery sought by these interrogatories is outweighed by the burden they

impose upon these defendants; plaintiffs have other means to obtain this material.  The SPCA

defendants' motion for a protective order (Docket No. 161) therefore is **granted**.

As for plaintiffs' cross-motion to compel (Docket No. 169), it should be denied because

the SPCA defendants' motion for protective order is being granted, but also plaintiffs have not

established that they had in good faith conferred or attempted to confer with the SCPA

defendants regarding this discovery dispute, <u>see</u> Fed. R. Civ. P. 37(a)(2)(B) (<u>see also</u> Docket No.

174, Defs. Atty. Reply Decl. ¶ 4), a prerequisite for such relief.  Plaintiffs remained silent as

defendants raised the issue of the number of interrogatories posed and their burden.  Thus,

plaintiffs' cross-motion is **denied** as for this set of interrogatories and intermixed document

demands, with leave for plaintiffs to either choose which interrogatories they want answered or

to recast the interrogatories to be within the 25 interrogatory limit and without document

demands included.  Plaintiff may serve separate document demands, provided that they remain

within this Court's limits or plaintiff makes a prior application to exceed the limits.

B.      Motion to Compel

The SPCA defendants also moved to compel plaintiffs to answer their interrogatories and

discovery demands (Docket No. 165).  Aside from no proof of plaintiffs conferring in good faith

on this discovery dispute (as discussed above), objections to interrogatories must be made within

30 days of service of the interrogatories, Fed. R. Civ. P. 33(b)(3), or else they are waived unless

special leave of the Court is granted for the objections, <u>Sturdevant v. Sears, Roebuck & Co.</u>,

32 F.R.D. 426, 428 (W.D. Mo. 1963); <u>Lehrenz v. Donnelly</u>, 187 F.R.D. 1, 5 (D.D.C. 1999)

8

(objections first raised in opposition to motion to compel were waived as untimely); 8A <u>Federal Practice and Procedure</u>, <u>supra</u>, § 2173, at 293-94, and the fact of a motion seeking such leave does not stay the running of the time for objections, <u>Sturdevant</u>, <u>supra</u>, 32 F.R.D. at 428 n.1.  The only objections not so waived are privilege objections, 8A <u>Federal Practice and Procedure</u>, <u>supra</u>, § 2173, at 294-95.  Absent leave being granted for a belated response, the SPCA defendants' motion to compel **is granted** and plaintiffs are deprived of most of their objections.

      C.      Plaintiff's Cross-Motion to Extend Time to Answer and Object

      Plaintiffs also cross-move for an extension of forty days to respond to defendants' discovery demands (Docket No. 170, Pls. Atty. Aff. ¶ 16).  Under Rule 6(b), the Court "for cause shown may at any time in its discretion" enlarge the time to act, upon a motion made after the expiration of the time to act, with the moving parties showing that the failure to act must result from excusable default, Fed. R. Civ. P. 6(b)(2); <u>see</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs.</u>, 507 U.S. 380, 388, 392, 394-95 (1993) (discussing Bankr. R. 9006(b), parallel to Fed. R. Civ. P. 6(b)); <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 93 (2d Cir. 1995) (describing "excusable neglect" under Rule 6(b), quoting <u>Pioneer</u>, <u>supra</u>); <u>Lee v. ITT Standard</u>, 268 F. Supp. 2d 315, 329-30 (W.D.N.Y. 2001) (Foschio, Mag. J.) (Report & Rec.), <u>adopted in part</u>, 268 F. Supp. 2d 356 (W.D.N.Y. 2003) (Arcara, J.).  Excusable neglect is an elastic concept that includes "delays 'caused by inadvertence, mistake or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit," <u>LoSacco</u>, <u>supra</u>, 71 F.3d at 93 (quoting <u>Pioneer</u>, <u>supra</u>, 507 U.S. at 388, 395).

      Plaintiffs argues that counsel had not received a response from her clients when she sent a copy of the defendants' demands to them (Docket No. 170, Pls. Atty. Aff. ¶ 15) and that the case

is complicated and they did not have sufficient time to respond to these demands (id. ¶ 14).

Plaintiffs have established that their failure to respond was due, in part, to a breakdown in

communication between clients and counsel.  Had plaintiffs' counsel sought an extension or

responded in some manner as the thirtieth day approached, however, plaintiffs would have

preserved their objections.  There is no allegation of bad faith on plaintiffs' part in not

responding to this discovery.  The SPCA defendants have not argued any prejudice in not

receiving plaintiffs' discovery responses, save that plaintiffs' objections were waived by the lack

of a timely response or request for an extension.  As a result, so much of plaintiffs' cross-motion

for extension of the time to respond to the outstanding discovery is **granted, but in part**.

Plaintiffs, by not filing interrogatory objections within the 30 days waived all but privilege

objections.  Plaintiffs thus may only respond (without objection) to the SPCA defendants'

interrogatories.

## CONCLUSION

For the reasons stated above, defendants Mary Ann Wehlage and Allegany County

SPCA's joint motion for a protective order (Docket No. 161) is **granted** in its entirety;

defendants' motion to compel plaintiffs answers to their discovery demands (Docket No. 165) is

**granted**, but plaintiffs have waived their objections thereto (save asserting privileges).

Plaintiffs' cross-motion (Docket No. 169) to compel answers to all of their interrogatories and

demands is **denied** as discussed above, as well as their request for leave to pose all of these

inquiries.  Their cross-motion for extension of time to respond to the SPCA defendants'

discovery demands is **granted**; plaintiffs have until **Monday, September 25, 2006**, or 40 days

from the date of the entry of this Order, to respond to defendants' discovery.

So Ordered.

_____/s/ Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        August 9, 2006