UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SHEEHY, et al.,

                              Plaintiffs,



                                                    **Hon. Hugh B. Scott**

              v.
                                                    02CV592A

                                                    **Order**

MARY ANN WEHLAGE, et al.,

                       Defendants.



              Before the Court are (a) defendants Mary Ann Wehlage and Allegany County Society for

the Prevention of Cruelty to Animals ("Allegany County SPCA")'s joint (collectively referred to

as the "SPCA defendants") motion to compel plaintiffs to appear at depositions initially

scheduled for October 3, 5, 6, and 10, 2006 (Docket No. 179[1]); (b) the SPCA defendants' joint

motion to strike plaintiffs' expert disclosure and preclude expert testimony (Docket Nos. 182,

183[2]).  Previously, this Court granted the SPCA defendants motions for a protective order

(Docket No. 161) and to compel documentary discovery from plaintiffs (Docket Nos. 165, 178[3]),

---

[1]In support of their motion, the SPCA defendants filed an attorney's declaration with exhibits, Docket No. 179, attorney's reply declaration, Docket Nos. 189, 191.
      In opposition, plaintiffs submitted attorney's affidavit, Docket No. 188.

[2]In support of this motion, the SPCA defendants also filed an attorney's declaration, including exhibits, Docket No. 183, memorandum of law, Docket No. 184.
      In opposition, plaintiffs submitted their attorney's affidavit with exhibits, the credentials and opinions of the two named experts, Docket No. 197; cf. Docket No. 196 (attempt at filing attorney's affidavit).

[3]Also reproduced in defendants' moving papers as Docket No. 179, Ex. H.

while denying plaintiffs' cross-motion to compel (Docket Nos. 169, 178).  That Order gave

plaintiffs until September 25, 2006, to respond to the SPCA defendants' discovery requests

(Docket No. 178, Order at 10), and plaintiffs now argue they intend to fully comply with (Docket

No. 188, Pls. Atty. Aff. ¶ 4, filed Sept. 19, 2006).  The present motion appears to be a follow up

from that earlier discovery motion practice.

## BACKGROUND

This civil rights case arises from the seizure of plaintiffs' dairy cattle from their family

farm upon the alleged direction of the SPCA defendants.  Familiarity with the facts from prior

Reports & Recommendations (Docket Nos. 38, 72, 117, 137) and Orders (Docket Nos. 178, 79,

95, 123, 130, 140) is presumed.

*Motion to Compel*

The SPCA defendants attempted to arrange for examining plaintiffs.  First, they were

hindered by plaintiffs failure to respond to the document discovery sought by the SPCA

defendants (see Docket No. 179, SPCA Defs. Atty. Decl. ¶¶ 5, 6, Exs. G, H), causing the

cancellation of depositions initially scheduled for July 2006 (see id. ¶¶ 4, 5, Exs. F, G).  After

this Court's Order compelling plaintiff's discovery (Docket No. 178), the SPCA defendants

renewed their efforts to schedule these depositions, writing to plaintiffs' counsel in August 23,

2006, for dates in October (id. ¶ 7, Ex. I).  Co-defendants Dr. McNeill and Lakewood Veterinary

joined in the deposition schedule proposed by the SPCA defendants (id. ¶ 8, Ex. J, letter of

Aug. 28, 2006).  The SPCA defendants, however, had no word from plaintiffs as to this proposed

schedule (id. ¶ 7).  Under the current Scheduling Order in this case (Docket No. 157), all

discovery is to conclude by October 11, 2006, with no extensions of that date to be granted (even

for good cause shown) (id.), but given these pending motions, the Court held this deadline in abeyance pending resolution of these motions (Docket No. 195).

In addition to seeking to have plaintiffs deposed on the dates urged, the SPCA defendants also seek attorneys' fees for making this motion due to plaintiffs' pattern of default and ignoring defense counsel and the Court's Scheduling Order (Docket No. 179, SPCA Defs. Atty. Decl. ¶¶ 9-11).

Plaintiffs respond, on September 19, 2006, that their counsel scheduled the depositions which defendants unilaterally cancelled (Docket No. 188, Pls. Atty. Aff. ¶ 5). They stated they were available on October 5 and 6, 2006, for depositions, but now are only available on October 6, and are willing to cross-notice their depositions for that date (id. ¶¶ 6, 7). Plaintiffs urge that this Court not impose sanctions, noting that plaintiffs lost their entire livelihood by the taking of the cattle alleged in this action (id. ¶ 9). They note that defendants never called to confirm the availability of October 6, but instead made this motion to compel (id. ¶ 10).

Defendant replies that the declaration from plaintiffs' attorney is not accurate and that defense counsel called and wrote to plaintiffs' counsel to discuss her declaration (e.g., Docket No. 191, Defs. Atty. Reply Decl. ¶¶ 2-4, at 3 n.1). Defense counsel sent her letter on September 21, 2006 (id. Ex. A), and timely filed her reply declaration on the next day. Defense counsel also states that she has been ordered to appear in court in New Jersey on another matter and cannot be present for a deposition on October 6 (id. ¶ 8).

Response to this motion was due by September 19, 2006, and any reply was due by September 22, 2006 (Docket No. 181). The motion was deemed submitted, without oral

argument, on September 25, 2006 (Docket No. 186), later extended to October 10, 2006, to be

coterminous with defendants' other motion (Docket No. 194).

*Motion to Strike Expert Disclosure*

Plaintiffs submitted expert disclosure listing two men, Bob Weaver and Patrick O'Brien

(see Docket No. 183, SPCA Defs. Atty. Decl. Ex. B).  The SPCA defendants complain that

plaintiffs served their expert disclosure late.  According to the Scheduling Order (Docket

No. 157; see Docket No. 183, SPCA Defs. Atty. Decl. Ex. B), plaintiff's expert disclosure was

due by August 30, 2006[4] (Docket No. 183, SPCA Defs. Atty. Decl. ¶ 2).  The SPCA defendants

state that, while the disclosure was dated August 30, 2006, this was postmarked for a later date,

September 1, 2006 (id. ¶ 8, Ex. C[5]).  Plaintiffs also failed to furnish expert reports from

Messrs. Weaver or O'Brien (id. ¶ 4), admitting that O'Brien has not rendered such a report (id.

¶ 5, Ex. A, at 3) and referring to an earlier affidavit for Weaver's report (id. ¶ 6, Ex. A, at 2), but

without specifying which affidavit was the one referred to (cf. Docket No. 108 (Aff. of David

Weaver, sworn to Oct. 4, 2004, submitted by plaintiffs)).  Plaintiffs failed to provide references, a

list of publications, disclosure of the experts' compensation, and disclosure of the cases in which

the experts testified in the last four years (Docket No. 183, SPCA Defs. Atty. Decl. ¶ 7), see also

Fed. R. Civ. P. 26(a)(2)(B).

---

[4]Defendants' expert disclosure was due by September 15, 2006; motions to compel discovery were due by September 11, 2006; discovery is to be completed by October 11, 2006, Docket No. 157; see also Docket No. 195, which held the discovery deadline in abeyance pending resolution of this motion.

[5]The exhibit, a copy of the envelope, also indicates that defendants' law firm received it internally on September 2, 2006, Docket No. 183, Ex. C.

The SPCA defendants note that this is their fourth motion to compel some form of discovery from plaintiffs for their "insufficient and late disclosure" (id. ¶ 11), that appears to be a "pattern of discovery abuses," that warrants sanctions of striking the expert disclosure and precluding the testimony of Weaver and O'Brien (id. ¶ 12).  They contend that they are prejudiced in responding with their own expert disclosure by the September 15, 2006, deadline (see Docket No. 157).

Plaintiffs respond that they disclosed information about Weaver in a prior affidavit (Docket No. 197, Pls. Atty. Aff. ¶ 6; Docket No. 108).  As for O'Brien, plaintiffs do not yet have his final report, but they intend to furnish it (Docket No. 197, Pls. Atty. Aff. ¶ 11), and plaintiffs now provided O'Brien curriculum vita (id. ¶¶ 11-12, Ex. B).  The responding affidavit contains O'Brien's preliminary opinions (id. ¶¶ 14-18).

Response to this motion was due by October 2, 2006, and any reply was due by October 10, 2006 (Docket Nos. 186, 194; see also Docket No. 193).  The motion was deemed submitted, without oral argument, on October 10, 2006, with the SPCA defendants' other pending motion (Docket Nos. 186, 194).

## DISCUSSION

I.      Discovery Standards and Sanctions

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence,

description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  Rule 26(a)(2) requires parties to disclose the identity of any experts they intend to call, including a complete statement of their opinions, the background information and data used by the expert to reach his or her opinions, a statement of the expert's qualifications, list of publications within the last ten years, the compensation paid for the expert's study and testimony, and a list of cases in the last four years in which the expert testified, Fed. R. Civ. P. 26(a)(2)(A), (B).  The Court schedules the timing and sequence of these disclosures, id. R. 26(a)(2)(C); see Docket No. 157.

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A), (B); see also id. R. 37(d)(1) (failure of party to attend own deposition, possible sanctions include evidentiary or issue preclusion).  Under Rule 37(a)(4), if the motion to compel is granted, the Court

> "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).  An incomplete disclosure is treated as a failure to disclose, Fed. R. Civ. P. 37(a)(3).

Failure to disclose "without substantial justification" information required by Rule 26(a), including full expert disclosure, precludes use of that evidence at trial unless the failure to disclose is deemed harmless, Fed. R. Civ. P. 37(c)(1).  Additionally, other appropriate sanctions may be imposed, such as an order establishing facts, claim preclusion, striking pleadings or dismissal of action, id. (citing Fed. R. Civ. P. 37(b)(2)(A)-(C) sanctions), and disclosure to the jury of the failure to make the disclosure, id., as well as attorneys' fees and costs for the motion to compel, id.

II.     Application

   A.     Motion to Compel

The SPCA defendants again moved to compel plaintiffs, this time to appear at depositions in early October (before the discovery cutoff date) (Docket No. 179).  They contend that they had not heard from plaintiffs regarding proposed deposition dates in October (Docket No. 179, SPCA Defs. Atty. Decl. ¶ 7).  Plaintiffs have not contacted counsel for the SPCA defendants (or Dr. McNeill and Lakewood Veterinary, see Docket No. 179, SPCA Defs. Atty. Decl. ¶ 8) to confirm the deposition dates, leading to this motion.  Plaintiffs contend, however, that they were available on two of the dates (now just one) and a telephone call to them would have established this without the need for motion practice (see Docket No. 188, Pls. Atty. Aff. ¶¶ 6-7, 10).

The moving papers here indicate a failure of the parties to communicate.  The purpose for the certification of good faith efforts to resolve discovery disputes prior to making motions is to avoid judicial intervention where a simple telephone call could resolve the matter.  While noting the written correspondence to plaintiffs' counsel regarding this deposition schedule, the SPCA

defendants do not note any attempts to telephone plaintiffs' counsel.  Plaintiffs apparently have not picked up the telephone to respond to either the letter or this motion.  This certification of good faith efforts issue applies to the question of whether to sanction plaintiffs for not responding to these defendants' demands.

The SPCA defendants' motion to compel is **granted in part**, in that plaintiffs shall make themselves available to be examined.  The moving papers now indicate that the only date the parties appeared to be available, on October 6, 2006, is now no longer available (compare Docket No. 188, Pls. Atty. Aff. ¶¶ 6, 7 with Docket No. 191, Defs. Atty. Reply Decl. ¶ 8) and has since passed.  Given the parties' inability to select a mutually convenient date or series of dates for these depositions (leading to this motion), these depositions shall begin on **Monday, December 4, 2006**, and occur until all are completed.  Also given that there are four plaintiffs that defendants seek to examine (Docket No. 179, SPCA Defs. Atty. Decl. ¶ 3, Exs. B-E) and two sets of defense counsel deposing them (as well as plaintiffs' noticed depositions, see Docket No. 188, Pls. Atty. Aff. ¶ 7; Docket No. 191, Defs. Atty. Reply Decl. Ex. B), and defendants' entitlement to depose each noticed plaintiff for one day for up to seven hours each, see Fed. R. Civ. P. 30(d)(2), the depositions will take longer than one day.  By holding the discovery deadline in abeyance pending resolution of this motion (Docket No. 195), the Court effectively extended the discovery cut off only for the limited purpose of completion of these depositions.

The SPCA Defendants' motion is **denied in part**, however, because sanctions will **not** be imposed for this motion because the movants failed to exhaust all reasonable methods short of this motion to get plaintiffs to agree to deposition date or schedule.  Here, the SPCA Defendants moved in anticipation of plaintiffs' failure to appear at any of the proposed deposition dates.

8

Discovery in this action, including these depositions, shall be completed by

**December 14, 2006**; dispositive motions will be due on or before **February 2, 2007**.

      B.        Motion to Strike

Here, the SPCA defendants complain that plaintiffs made late and inadequate expert

disclosure (Docket Nos. 182, 183).

As for Mr. Weaver, the affidavit filed with the Court is from <u>David</u> Weaver (Docket

No. 108), who like the described <u>Bob</u> Weaver (Docket No. 183, Ex. A), is retired from Cornell

Cooperative Extension.  They appear to be the same person.  This is the problem in failing to

provide an expert report from Mr. Weaver, it is unclear who he is, much less his expertise, source

for his opinions, prior experience as an expert witness, and compensation for appearing in this

case.  In their responding papers, plaintiffs identify David Weaver as their expert (Docket

No. 197, Pls. Atty. Aff. ¶ 5). They also announce the fees charged by their experts (Docket

No. 197, Pls. Atty. Aff. ¶ 18) and offered to supplement their expert disclosure as materials are

obtain (for example, after certain fact discovery is concluded) (<u>id.</u> ¶¶ 9, 11).

Plaintiffs initially have not provided enough information on their proposed experts to

disclose to defendants.  Their responses to the motion provide some of the information required

by Rule 26(a) and note their obligation to supplement under Rule 26(e).  Defendants' motion is

**granted in part** insofar as plaintiffs have not completed their expert disclosure.  But as with the

motion to compel, the SPCA defendants moved without fully exhausting good faith effort to

resolve these disclosure issues short of judicial intervention (<u>see</u> Docket No. 197, Pls. Atty. Aff.

¶ 21).  Again, sanctions will **not** be imposed on this motion.

## <u>CONCLUSION</u>

For the reasons stated above, defendants Mary Ann Wehlage and Allegany County SPCA's joint motion to compel plaintiffs' depositions during specific dates in October 2006 (Docket No. 179) is **granted in part (compelling plaintiffs' deposition to commence on December 4, 2006, until completed), denied in part (denying sanctions on this motion)** and the SPCA defendants' joint motion to strike plaintiffs' expert disclosure and preclude expert testimony (Docket Nos. 182, 183) is **granted in part (compelling plaintiffs to supplement their expert disclosure), denied in part (denying sanctions on this motion)**.

The Scheduling Order in this action (Docket No. 157), is amended as follows (and other unaffected dates remain as previously ordered):  Discovery in this action, including these depositions, shall be completed by **December 14, 2006**; dispositive motions will be due on or before **February 2, 2007**.

So Ordered.

_____
/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        November 13, 2006