UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SHEEHY, et al.,

                              Plaintiffs,


                                                        **Hon. Hugh B. Scott**

                    v.
                                                        02CV592A

                                                        **Order**

MARY ANN WEHLAGE, et al.,

                              Defendants.


        Before the Court is defendants Mary Ann Wehlage and Allegany County Society for the

Prevention of Cruelty to Animals ("Allegany County SPCA")'s joint (collectively referred to as

the "SPCA defendants" or as "movants")) further motion to compel plaintiffs to answer

interrogatories and produce documents (Docket No. 204[1]).

        Previously, this Court granted the SPCA defendants motions for a protective order

(Docket No. 161) and to compel documentary discovery from plaintiffs (Docket Nos. 165, 178;

see also Docket No. 205, SPCA Defs. Atty. Decl. Ex. C (reproducing Docket No. 178 Order)),

while denying plaintiffs' cross-motion to compel (Docket Nos. 169, 178).  Recently, the Court

granted in relevant part the SPCA defendants' motion to compel plaintiffs' depositions and other

discovery (Docket No. 201).  The latest Order scheduled those depositions to begin on December

4, 2006, and set the discovery deadline in this case for December 14, 2006 (Docket Nos. 201,

---

        [1]In support of their motion, the SPCA defendants filed an attorney's declaration with
exhibits, Docket No. 205, attorney's reply declaration, Docket No. 213.
        In opposition, plaintiffs submitted their attorney's responding affirmation, Docket
Nos. 211, 212.

202).   The present motion, the **third** seeking to compel (<u>cf.</u> Docket Nos. 165, 179, 204) and the

**sixth** discovery motion overall from these movants (<u>cf.</u> Docket Nos. 161, 183, 165, 179, 204),

appears to be a follow up from that earlier discovery motion practice.

## BACKGROUND

This civil rights case arises from the seizure of plaintiffs' dairy cattle from their family

farm in Allegany County, New York, upon the alleged direction of the SPCA defendants.

Familiarity with the facts from prior Reports & Recommendations (Docket Nos. 38, 72, 117,

137) and Orders (Docket Nos. 178, 79, 95, 123, 130, 140, 201) is presumed.

*Motion to Compel*

The SPCA defendants continue to seek interrogatory answers and document production

from plaintiffs.  Movants seek to have plaintiffs verify their interrogatory answers and complete

document production, namely documents describing their damages (Docket No. 205, SPCA

Defs. Atty. Decl. ¶¶ 14, 16-17).  Plaintiffs failed to produce requested documents because they

asked about their "farm in Allegany," in which they claim they did not have a farm in Allegany,

but in Scio (<u>id.</u> ¶ 15, Exs. E, I); when movants raised the issue, plaintiffs' counsel insisted upon a

new request (<u>id.</u> ¶ 15).  Interrogatory 5 asked plaintiffs to identify the reason why they believed

movants were negligent or committed willful misconduct, but plaintiffs gave a vague answer

about the proper procedure for investigating and removing cattle, and now movants seek a more

definitive response (<u>id.</u> ¶ 18).  Plaintiffs failed to describe the acts or events witnessed by each

witness (<u>id.</u> ¶ 19, Ex. I).  They failed to respond to four document requests seeking specificity,

but the SPCA defendants contend that this Court's earlier Order denied plaintiffs all objections to

their discovery demands (<u>id.</u> ¶ 20).

As with past discovery motions, the SPCA defendants also seek attorneys' fees for making this motion due to plaintiffs' pattern of default and ignoring defense counsel and the Court's Scheduling Order (Docket No. 205, SPCA Defs. Atty. Decl. ¶ 21).

Plaintiffs respond that the SPCA defendants sought information about a non-existent farm in Allegany, New York (e.g., Docket No. 212, Pls.' Atty. Supp'al Reply Affirm. ¶¶ 4, 5, filed Dec. 5, 2006).

Response to the SPCA defendants' motion (including any cross-motion by plaintiffs to compel) was due by December 1, 2006, any reply was due by December 8, 2006 (Docket No. 207), and the motion was deemed submitted, without oral argument, on December 8, 2006 (Docket No. 207).  Plaintiffs sought an extension to December 4, 2006, to respond and to cross-move (Docket No. 209), which was granted in part (Docket No. 214), allowing their response by that date but denying them leave to cross-move after December 1, 2006, noting that plaintiffs failed to file a cross-motion by December 4 to meet their sought extension.  Although plaintiffs filed their responses in the early morning hours of December 5, 2006 (see Docket Nos. 212, 213, Notices of Electronic Filing for Nos. 212, 213), the Court will consider these submissions.

## DISCUSSION

I.      Discovery Standards and Sanctions

Parties are reminded that discovery under the Federal Rules is intended to reveal relevant documents and testimony, but by a process with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  As previously stated, the familiar standard under Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling

3

discovery, with that motion including a certification that the movant in good faith conferred or

attempted to confer with the party not making the disclosure to secure that disclosure without

court intervention.  Fed. R. Civ. P. 37(a)(2)(A), (B); see also id. R. 37(d)(1) (failure of party to

attend own deposition, possible sanctions include evidentiary or issue preclusion).  Under

Rule 37(a)(4), if the motion to compel is granted, the Court

> "shall, after affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney advising such
> conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, . . ., unless the court finds that the motion was
> filed without the movant's first making a good faith effort to obtain the discovery
> or disclosure without court action, or that the opposing party's nondisclosure,
> response, or objection was substantially justified, or that other circumstances
> make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).  An incomplete disclosure is treated as a failure to disclose, Fed. R. Civ.

P. 37(a)(3).

The SPCA defendants move under Rule 37(a)(4) and Rule 16 (as well as the parallel local

Court rules) to compel plaintiffs' production, but some of what is sought was governed by a

previous Order to compel (Docket No. 178).  Thus, these movants could have sought other

appropriate sanctions, such as an order establishing facts, claim preclusion, striking pleadings or

dismissal of action, under Rule 37(b) for failing to comply with this Court's Order, see Fed. R.

Civ. P. 37(b)(2)(A)-(C) (listing sanctions), as well as attorneys' fees and costs for the motion to

compel, id.  Nevertheless, the Court will treat this as an initial motion to produce rather than as a

motion for failure to comply with an Order.

II.      Application--SPCA Defendants' Motion to Compel

The SPCA defendants again moved to compel plaintiffs, this time to answer

interrogatories and to produce documents.

A.      Interrogatory Answers

Under Rule 33(b)(1) answers to interrogatories must be under oath.  If not, the written

answer does not qualify as an answer to interrogatories, Cabres v. United States, 51 F.R.D. 498,

499 (S.D.N.Y. 1970), aff'd per curiam, 447 F.2d 1358 (2d Cir. 1971).  Courts have required the

answering party to refile under oath answers to interrogatories that were initially served unsworn,

United States v. 58.16 Acres of Land, 66 F.R.D. 570, 572 (E.D. Ill. 1975).  Plaintiffs here are

silent as to their failure to verify their answers, claiming only that they "properly and timely

interposed objections" (Docket No. 212, Pls. Atty. Decl. ¶ 5), which the SPCA defendants

vehemently deny (Docket No. 213, SPCA Defs. Atty. Reply Decl. ¶ 5, Ex. A).  Plaintiffs shall

forthwith supply a verification for their interrogatory answers and serve the verification upon

defendants by **December 29, 2006**.

B.      Damages Discovery

The SPCA Defendants seek documentation for plaintiffs' damages.  Again, plaintiffs do

not address this request or state that they have provided this information.  Plaintiffs shall

forthwith produce documentation of their damages.  Given the age of this case and the progress

plaintiffs have made in obtaining opinions of their experts, they must serve this documentation

by **December 29, 2006**.

C.      Farm "in Allegany"

The SPCA Defendants' document demands number 2, 3, 9, and 19, asked about plaintiffs' "Allegany farm" or "farm in Allegany" (Docket No. 205, SPCA Defs. Atty. Decl. ¶ 15, Ex. A; cf. id. Ex. A, demand number 5, also asking for documents concerning "plaintiffs' Allegany farm").  Plaintiffs responded that they did not own a farm in Allegany, New York (id. Ex. E).

It was clear from the context of this case (and even the name of the defendant Allegany County SPCA) what was meant by the phrase "farm in Allegany" in the SPCA defendants' demands.  The SPCA defendants were referring to the site of the incident that lead to this action. Plaintiffs allege in their Complaint that they are from Wellsville, New York (Docket No. 1, Compl. ¶ 1), which is in Allegany County and that they own the dairy farm at issue here in Wellsville (id. ¶ 18).  Plaintiffs now contend that the farm is in Scio, New York (Docket No. 212, Pls. Atty. Affirm. ¶ 6), also in Allegany County (the town to the west of Wellsville).  As the SPCA defendants contend (Docket No. 213, SPCA Defs. Atty. Reply Decl. ¶ 8), the plaintiffs should not avoid responding to this discovery merely because the word "County" was not included in the requests.  No one was referring to the Town of Allegany (in Cattaraugus County) and from the context of this action it is clear that movants meant the farm and cattle at issue in this case in Allegany **County**.  Plaintiffs could have alternatively construed the requests as involving their farm and responded while asserting that the request appeared ambiguous; instead, plaintiffs asserted that the farm did not exist in a town no one was discussing and offered to respond to the requests if they were recast by the SPCA defendants.  The movants need not rewrite their requests.  Plaintiffs, therefore, should respond to these demands without a further

6

request forthwith.  Thus, the SPCA defendants' motion to compel as to this point is **granted**; as with the other items discussed in this Order, plaintiffs have until **December 29, 2006,** to produce documents and materials responsive to these unanswered requests.

        D.       Interrogatory 5

Interrogatory 5 asked

> "For each cause of action where a claim is made as a result of the SPCA defendants' negligence, gross negligence, misrepresentation, or willful misconduct as alleged in paragraphs 81 through 91 and 101-103 of the Plaintiffs' Complaint, set forth.
> "a.     The date of each alleged incident;
> "b.     The specific act complained of and the reason why the plaintiffs believe that the act taken constitutes negligence or willful misconduct; and
> "c.     The name of each individual who is claimed to have taken or witnessed the alleged wrongful act."

(Docket No. 205, SPCA Defs. Atty. Decl. Ex. B, Interrog. 5.)  Plaintiffs answered with their knowledge of the events leading to the seizure of their cattle and a list of witnesses to these events (Id. Ex. D, Ans. to Interrog. 5).

        That query also asks for the name of witnesses to each wrongful act (Docket No. 205, SPCA Defs. Atty. Decl. Exs. B, E, Interrog. 5).   The definitions and instructions for the interrogatories did not require plaintiffs to outline what each witness saw.  Plaintiffs could (as they did here) answer the two subparts of Interrogatory 5 by stating the specific acts of negligence or misconduct and separately listing their witnesses to these acts without stating who witnessed which act.  Therefore, plaintiffs' response to this sub-question as to the witnesses is sufficient and movants' motion to compel here is **denied**.

E.      Document Request and Plaintiffs' Objections

Plaintiffs refused to respond to document requests number 7, 15, 17, and 18, objecting that they needed more specificity (Docket No. 205, SPCA Defs. Atty. Decl. ¶ 20, Ex. E).  The seventh request sought all documents concerning the claims made in the Complaint about the events in August 22, 2001; the fifteenth request sought documents about statements from Wehlage in support of the search warrant; the seventeenth request sought correspondence and documents concerning plaintiffs' litigation from January 1993 to August 2002; and the eighteenth request sought documents initially identified in answers to movants' first interrogatories (including drafts of documents) (see id. Exs. A, E).

This Court earlier held that plaintiffs waived their objections to movants' interrogatories by not making a timely response to raise those objections under Rule 33(b)(3) and (4) (Docket No. 178, Order at 8-9; see Docket No. 205, SPCA Defs. Atty. Decl. Ex. C).  The SPCA defendants argue that this Order also declares a general waiver of plaintiffs' objections (Docket No. 205, SPCA Defs. Atty. Decl. ¶ 20).

Document production under Rule 34, however, does not have the express waiver provision for objections similar to the one that is contained in Rule 33(b)(4) for answers to interrogatories, cf. Fed. R. Civ. P. 34(b).  Thus, plaintiffs retained their right to object to producing these documents.

III.    Discovery Sanctions

After previous motions, the Court declined to impose Rule 37 sanctions (see Docket No. 201, Order at 8, 9), in part to avoid ancillary motion practice that would have the Court and the parties delay consideration of the merits in this action.  Given the number of discovery

8

motions in this case by these movants and plaintiffs' response to this latest motion, the Court

now deems it necessary to impose sanctions under Rule 37(a)(4).  Plaintiffs lack any substantial

justification for not responding to movants' discovery demands or not providing a complete

response to those demands.  An example of the extremity of plaintiffs' responses is the argument

that "Allegany" did not mean the location of their farm and hence not responding to movants'

requests and requiring them to revise their requests to clarify the already clear matter.

Thus, the SPCA defendants may apply for their reasonable motion costs for this pending

motion (and, to be clear, not to cover the costs for its other, prior motions).  This application

shall only be for the reasonable costs of the portion of this motion which movants prevailed (that

is, excluding costs associated with answers to Interrogatory 5 and denying plaintiffs' document

production objections).  Plaintiffs may respond to that application and the Court will determine

the reasonable costs to be awarded as sanctions (and upon whom those costs will be imposed)

after plaintiffs' response time has expired.

## **CONCLUSION**

For the reasons stated above, defendants Mary Ann Wehlage and Allegany County

SPCA's joint motion to compel plaintiffs' to provide verified answers to their interrogatories and

produce documents (Docket No. 204) is **granted in part, denied in part** (on witness testimony

identification to Interrogatory 5).

These defendants shall file and serve their cost and fee application for the reasonable

costs for the portions of this motion that they prevailed within five (5) business days of entry of

this Order; plaintiffs may respond within ten (10) business days of entry of this Order, and the

Court will issue an Order setting forth the appropriate sanction.

9

Plaintiffs shall produce the discovery ordered herein by **December 29, 2006**.  As noted in another Order (Docket No. 225), the discovery deadline for this case is held **in abeyance** pending consideration of the SPCA defendants' and McNeill defendants' motions to dismiss (Docket Nos. 215, 219, 225), but, as noted in that Order, discovery has not been stayed (Docket No. 225).

So Ordered.

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       December 13, 2006

10