UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SHEEHY, et al.,

                              Plaintiffs,


                    v.                                          **Hon. Hugh B. Scott**

                                                                02CV592A

                                                                **Order**

MARY ANN WEHLAGE, et al.,

                              Defendants.



        Before the Court is a follow up to the various discovery motions[1] that have been filed in

this case, a fee application for Rule 37 sanctions (Docket No. 227).  Also pending is defendants'

cross-motion to strike plaintiffs' attorney affidavit (Docket No. 230).

## BACKGROUND

        In their last motion, seeking to compel plaintiffs to answer interrogatories and produce

documents (Docket No. 204), defendants Mary Ann Wehlage and the Allegany County Society

for the Prevention of Cruelty to Animals (collectively the "SPCA defendant" or "movants")

prevailed in the most part (see Docket No. 226, Order, at 5-8[2]) and this Court awarded their

reasonable motion costs (including attorneys' fees) as a discovery sanction (id. at 8-9).  The

Court found that plaintiffs lacked any substantial justification for plaintiffs not to respond to the

---

[1]Note, also pending are these movants' motion to dismiss for failure to comply with prior discovery Orders, Docket No. 215, and defendants McNeill and Lakewood Veterinary Service's motion to dismiss for failure to prosecute, Docket No. 219.

[2]Discovery ordered on that motion was due by December 29, 2006, Docket No. 226, Order at 5, 7, 10.

outstanding demands or insisting upon revised discovery demands when what was sought was clear from the context of the demand (id. at 8-9). The Court ordered the SPCA defendants to submit their application for reasonable motion costs and also to discuss upon whom the sanction should be imposed (id. at 9). The SPCA defendants had five business days from entry of that Order on December 13, 2006 (or by December 20, 2006), to file their fee application and plaintiffs had ten business days (or by December 27, 2006) to respond to that application (id. at 9, Notice of Electronic Filing).

The SPCA defendants submitted a timely application for $488.00, discounting $100 for items argued in the motion for which they did not prevail (Docket No. 227). In support of this application, their counsel (a partner at Hodgson, Russ) indicates that she spent a total of 2.8 hours in preparing the moving papers, at her billing rate of $210 per hour (id., Ex. A). Movants' counsel, however, does not discuss her years of experience (in general or in federal practice) and the basis for her quoted hourly rate. Counsel also did not discuss which party (plaintiffs, their counsel, or both) should be responsible for the sanction (although in the moving papers for this motion to compel, the SPCA defendants sought sanction "against plaintiffs" due to their pattern of dilatory conduct (Docket No. 205, SPCA Defs. Atty. Decl. ¶ 21). In reply in support of that earlier motion, the SPCA defense counsel repeated her demand for sanctions against plaintiffs "especially appropriate in light of plaintiffs' misrepresentations in their untimely affirmation" (Docket No. 213, SPCA Defs. Atty. Reply Decl. ¶ 9), which were made by plaintiffs' new counsel Richard Baumgarten (see Docket Nos. 211, 212).

Plaintiffs respond, through counsel, that the SPCA defendants' error in naming the town where plaintiffs' farm was located lead to this motion and that plaintiffs thus should not be

sanctioned for what they believe to be defendants' error (Docket No. 228, Pls. Atty. Aff. ¶ 3).

Plaintiffs' attorney, Jeanne Vinal, says that she told defense counsel about this error "over the

phone, in e-mail and in letter" (id.).  She states that "the plaintiffs simply did not want to answer

the demands with this error and gave the defendants a chance to correct the error, but they [the

defendants] refused to do so" (id. ¶ 4) and the defense motion would have been avoided if they

merely rephrased their demand (id. ¶¶ 5, 3).  Plaintiffs now will produce the sought documents,

as now described by the Court (id. ¶ 4).  Alternatively, and "as a matter of practicality," Vinal

states that her clients lost their livelihood with the seizure of the cattle alleged in this action and

they cannot afford to pay any sanction (id. ¶ 6).  Plaintiffs request that the Court not award any

sanctions or costs for this motion (id. at second unnumbered page).  They do not attack the fee

amount sought or how the amount was obtained.

        SPCA defendants now cross-move to strike plaintiffs' attorney affidavit as non-

responsive to their fee application as improper (Docket No. 231, SPCA Defs. Atty. Decl. ¶ 5).

They note that plaintiffs' affidavit ignores the fee application and "simply parrots plaintiffs'

untenable position -- already rejected by the Court -- that the 'farm in Allegany' referred to in the

SPCA Defendants' discovery requests was somehow unclear" (id. ¶¶ 2, 3) and that the Court

found plaintiffs' position to be baseless (id. ¶ 3).  SPCA defendants thus demand the full amount

sought in their fee application (id. ¶ 4).

**DISCUSSION**

I.      Reasonable Motion Costs

Under Rule 37(a)(4), if the motion to compel is granted (even in part, <u>see</u> Fed. R. Civ. P.

37(a)(4)(C)), the Court

> "shall, after affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney advising such
> conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, including attorney's fees, unless the court finds
> that the motion was filed without the movant's first making a good faith effort to
> obtain the discovery or disclosure without court action, or that the opposing
> party's nondisclosure, response, or objection was substantially justified, or that
> other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4)(A).

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees.  "If the

court determines to award expenses and fees, it is for the court to decide what amount is proper."

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u>

§ 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D.

750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely

failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount

an attorney bills his or her client related to discovery or a motion to compel does not make that

rate or time expended reasonable under Rule 30 (or Rule 37) as reasonable motion expenses.  <u>See</u>

<u>Kahn v. General Motors Corp.</u>, No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y.

Apr. 19, 1993).

A.      Attorney's Fee Rate

The SPCA defendants motion expenses sought in their application are exclusively their attorneys' fee (as ordered, only those portions of the fee for the prevailing items sought in that motion).  Using the lodestar method for calculating the reasonable attorney's fee, Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee portion of these motion expenses are moving attorney's time spent on the motion and the reasonable billing rate for that attorney.  The last component for determining the reasonable motion expenses are the other motion expenses incurred.

Movants only discuss the time spent and indicate the billing rate for their attorney, without giving their attorney's (Jodyann Galvin) relevant experience.  The Court takes judicial notice of the fact that Galvin has been admitted to practice in New York and before this Court since 1999 and is a partner at Hodgson Russ, the largest firm in this City.  See generally www.Martindale.com; Fed. R. Evid. 201.  Plaintiffs, however, do not challenge any aspect of the fee calculation.

To be reasonable, the hourly rates of the movants' attorney must be generally consistent with prevailing market rates in this city and district, see NYS NOW, supra, 1996 U.S. Dist. LEXIS 17578, at *5.  It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience

of counsel, <u>Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc.</u>, 212 F.R.D. 94, 103

(E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted).  The movants

seeking reimbursement bear the burden of proving the hours spent and the prevailing rates.

7 <u>Moore's Federal Practice--Civil</u> § 37.23[8] (2005).  In other cases involving Galvin's firm,

Hodgson Russ, for discovery sanction fee awards, this Court has awarded reasonable attorney's

fees ranging from $130-145 per hour for a second-year associate to $290 per hour for a partner

with twenty-five years' experience.  <u>DirecTV, Inc. v. Rowland</u>, Case No. 04CV297, Docket

No. 47, Movant's Atty. Aff. ¶ 7 (June 1, 2005, affidavit in support of attorneys' fee); <u>DirecTV,

Inc. v. Perrier</u>, Case No. 03CV400, Docket No. 72, Movant's Atty. Aff. ¶¶ 3-4 (Feb. 15, 2005,

affidavit in support of attorneys' fee).  In another case where this Court awarded attorney's fees

as a discovery sanction, an hourly rate of $150 was found reasonable for the moving attorney

who had twenty years of experience.  <u>Associates Ins. Co. v. George J. Castle, Inc.</u>, Case

No. 04CV174, 2005 U.S. Dist. LEXIS 40908, at *7 (W.D.N.Y. Aug. 2, 2005) (Scott, Mag. J.),

Docket No. 70, Order at 5; Docket No. 64, Movants' Atty. Aff. ¶ 6; <u>cf. Johnson v. the Bon-Ton

Dep't Stores</u>, No. 05CV170, 2006 U.S. Dist. LEXIS 20019, at *10-14 (W.D.N.Y. Apr. 17, 2006)

(Scott, Mag. J.) (rejecting fee request of $250 per hour for attorney admitted to practice in 1994,

awarding discovery sanction at $150 per hour).  By comparison, Galvin's uncontested rate of

$210 per hour is reasonable.

      B.    Time Expended

The SPCA defendants claimed almost three hours were spent drafting the moving papers

for their motion to compel.  The Court closely scrutinized the claim for time expended in

preparing the motion (with attorney's declarations containing numerous exhibits) and find the

6

amount of time claimed, 2.8 hours total, was reasonable.  Without a more detailed apportionment

of the amount of time expended on the items or arguments which the SPCA defendants did not

prevail, the discount of $100 from the total rate charged also appears reasonable.  Again,

plaintiffs do not challenge this aspect of the fee calculation.

C.      Reasonable Motion Costs

At the reasonable rate of $210 per hour for 2.8 hours, less the amount discounted for

work that did not achieve an Order, the reasonable motion costs here is **$488** as claimed by the

SPCA defendants.

II.     Party Liable for Sanction

A.      Plaintiffs, Counsel or Both?

Under Rule 37, the party, his or her counsel or both may be liable for discovery sanctions,

Fed. R. Civ. P. 37(a)(4)(C).  The SPCA defendants do not discuss whether this sanction should

be imposed just upon plaintiffs or upon their counsel or both.  The fee application was silent as to

this and the prior moving papers refers to plaintiffs, but also point to affirmations made by their

counsel that support imposing sanctions.  Plaintiffs also do not discuss whether they or their

counsel should be held liable, although their counsel's affidavit argues that monetary sanctions

should not be imposed upon plaintiffs due to their indigence (Docket No. 228, Pls. Atty. Aff.

¶ 6).

One key contention made by plaintiffs and their counsel in resisting production to

defendants was the fact that plaintiffs' farm was not "in Allegany," hence justifying plaintiffs not

producing relevant documents about their farm.  Plaintiffs' initial counsel, Jeanne Vinal, signed

the discovery response which argued the misidentification of the location of her clients' farm

(Docket No. 205, SPCA Defs. Atty. Decl. Ex. D), later writing to defense counsel pointing out the apparent error and inviting defendants to resubmit corrected document demands (see Docket No. 212, Pls. Atty. Supp'al Reply Affirm. ¶ 6, Ex. A).  New plaintiffs' counsel Baumgarten repeated this argument in response to this motion (Docket No. 211, Pls. Atty. Reply Affirm. ¶¶ 4-6; Docket No. 212, Pls. Atty. Supp'al Reply Affirm. ¶¶ 4-7).  Plaintiffs' counsel Vinal reiterates this position in reply to this fee application (Docket No. 228, Pls. Atty. Aff. ¶¶ 3-5), arguing that this motion could have been avoided if defendants rewrote their demands as plaintiffs wanted (id. ¶ 5).  As the SPCA defense counsel noted in a reply e-mail to Baumgarten, instead of correcting plaintiffs' failure to respond they compounded "default upon default" and "continue to take outrageous and indefensible positions" (Docket No. 213, SPCA Defs. Atty. Reply Decl. Ex. A, e-mail of Dec. 5, 2006, 9:10 am).

First, defendants have shown their good faith efforts to obtain this discovery absent motion practice, which plaintiffs do not dispute.  Second, plaintiffs' non-response or objection (that they were in Scio and not in "Allegany") was not substantially justified to avoid imposition of sanctions (see Docket No. 226, Order at 9).  Third, plaintiffs fail to establish that other circumstances make an award of sanctions here unjust.

The most egregious omission by plaintiffs and their counsel involve the "farm in Allegany" argument to defend their failure to produce sought documents about plaintiffs' farm. It is apparent that plaintiffs took the position that a literal reading of the document demands was in order and, since they had no farm in the Town of Allegany (what they perceived was meant by a "farm in Allegany" in the demands), they refused to produce documents about their farm and instructed counsel to assert this position.  It is not clear which of the plaintiffs (either parent, for

8

example) came up with this position or whether counsel advised them to take this position.  This

position, however, hindered advancement of their claims, since it forestalled (for no good reason)

production of relevant documents that ultimately may prove plaintiffs' claims.

Plaintiffs' counsel compounded this by insisting (without citation to legal authority) that

defendants rewrite their demands, without later seeking an Order of Protection on the basis of

their reading of the original demands.  They then repeatedly argued this position, reiterating it

(Docket No. 228) after this Court held that it was untenable (cf. Docket No. 226).  Plaintiffs'

counsel should have realized what materials defendants intended to seek and aided their clients in

producing them rather than relying upon this frail position (see Docket No. 226, Order at 6-7, 9);

see also 22 N.Y.C.R.R. § 1200.32(b)(1) (Disciplinary Rule 7-101(b)(1), "in the representation of

a client, a lawyer may . . . where permissible, exercise professional judgment to waive or fail to

assert a right or position of the client").  Counsel also has an ethical obligation to not take a

position on behalf of their clients "when the lawyer knows or when it is obvious that such action

would serve merely to harass or maliciously injure another," id. § 1200.33(a)(1) (Disciplinary

Rule 7-102(a)(1)).  Instead, plaintiffs' counsel initially relied upon the clients' construction of the

demand, rather than relying upon her own professional judgment and seeking production of

relevant materials for the clients' farm (and leave to defendants to object if they really meant that

mythical "farm in Allegany").  Taking this position and insisting upon defendants rewriting their

demands only served to delay vindicating their own claim and to harass defendants.  Baumgarten

opposed the motion to compel production of these materials only by reiterating this failed

position and Vinal repeats it to oppose awarding sanctions.  Thus, plaintiffs' counsel (both for

asserting the position in response to the demand in repeating it in response to defendants'

motion) are liable for not using their professional judgment to avoid this situation.

      Plaintiffs also failed to produce damages documentation, crucial for any success in earlier

settlement negotiations (see Docket No. 216, SPCA Defs. Atty. Decl. ¶¶ 32-37), as well as

delayed in verifying their interrogatory answers (rendering them nugatory until so verified).  One

of the ironies in this matter is that plaintiffs have consistently insisted that their discovery be

moved along despite pending motions by other parties and other delays (see Docket Nos. 105,

106, 134, Pls. Memo. at 10, 11, 14), but when they had to produce to defendants plaintiffs have

obfuscated and delayed their responses.  Thus, both plaintiffs collectively and all of their counsel

are responsible for the resulting discovery sanction for plaintiffs taking this position and counsel

repeatedly asserting it.

      B.     Claim of Plaintiffs' Inability to Pay

      Plaintiffs' counsel now argues that her clients "were financially devastated by the acts of

the SPCA in taking away all their cows, which are their means of livelihood" and cannot afford

to pay any sanction (Docket No. 228, Pls. Atty. Aff. ¶ 6).  But counsel has not presented any

documentation to support this; all that is submitted is her affidavit and the claim of economic

hardship relies upon the allegations in the underlying Complaint.  While plaintiffs recently have

alleged poverty (in avoiding depositions in Buffalo, see, e.g., Docket No. 216, SPCA Defs. Atty.

Decl., Ex. C; Docket No. 223, SPCA Defs. Atty. Further Support Decl. Ex. A; Docket No. 233,

Sandra Sheehy Aff. ¶¶ 3-4, 8-9, 11, id., Pls. Atty. Decl. ¶ 3, 11), they have not moved for in

forma pauperis status, see 28 U.S.C. § 1915(a)(1), or filed an affidavit or other proof of their

poverty.  Even though in forma pauperis status does not avoid the imposition of sanctions, see

Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994); Simpson v. Nickel, 450 F.3d 303, 307 (7th Cir. 2006); cf. 28 U.S.C. § 1915(c) (costs that in forma pauperis party is relieved), such an application puts the Court on notice of the inability of the litigants to pay a sanction and it may influence to what extent the sanction should be borne by the plaintiffs.  But given the relatively modest amounts of the sanctions imposed, plaintiffs shall still be held fully responsible for their share of the sanction, despite their unsubstantiated claims of poverty, cf. 28 U.S.C. § 1915(a)(1) (party seeking in forma pauperis status must submit an affidavit that includes a statement of all assets the person possesses).

      C.      In Sum

      As for apportioning liability, plaintiffs jointly are responsible for half of the sanction; plaintiffs' counsel (both old and new) are equally responsible for the other half of the sanction.  Thus, the firm of Vinal & Vinal is responsible for a quarter of the sanction and Richard Baumgarten, Esq., is responsible for the remaining quarter of the sanction.  As a result, of the $488 reasonable motion costs to be awarded as a sanction, plaintiffs jointly are responsible for **$244** and the firm of Vinal & Vinal and Baumgarten are each responsible for **$122**.

III.      Striking Plaintiffs' Attorney Affidavit

      The SPCA defendants also move to strike plaintiffs' attorney's affidavit as unresponsive and improper (Docket No. 230).  The Court has the discretion to strike papers presented that are not responsive or are improper.  The Court **declines** to do so here.  The affidavit from plaintiffs' counsel, while not at all responsive to the pending fee application, assisted the Court in apportioning liability for the fee sanction, as discussed above.  The record of this matter would

be incomplete if this affidavit were stricken.  As these defendants requested, they will receive the full amount of their sought costs despite plaintiffs' response.

## CONCLUSION

For the reasons stated above, on the sanctions fee application of moving defendants Mary Ann Wehlage and the Allegany County Society for the Prevention of Cruelty to Animals (Docket No. 227; see Docket Nos. 204, 226), they shall recover **$488** as discovery sanction against plaintiffs and their counsel.  Of this $488 award, plaintiffs jointly are responsible for **$244** and the firm of Vinal & Vinal and Baumgarten are each responsible for **$122**.

The SPCA defendants' cross-motion to strike plaintiffs' counsel's affidavit (Docket No. 230) is **denied**.

So Ordered.

/s/ Hugh B. Scott
_____

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        January 11, 2007