UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT SHEEHY, et al.,

                              Plaintiffs,

                                                              **Hon. Hugh B. Scott**

                    v.                                        02CV592A

                                                              **Report
                                                              &
                                                              Recommendation**

MARY ANN WEHLAGE, et al.,

                              Defendants.

Before the Court are (a) defendants Mary Ann Wehlage and Allegany County Society for

the Prevention of Cruelty to Animals' joint (collectively referred to as the "SPCA defendants")

motion to dismiss the Complaint or other discovery sanctions for plaintiffs continued failure to

provide discovery (namely evidentiary preclusion) (Docket No. 215[1]), and (b) defendants

Dr. Robert McNeill, D.V.M., and Lakewood Veterinary Service (collectively "McNeill

defendants") joint motion to dismiss the Complaint for failure to prosecute and disregarding

pretrial orders pursuant to Federal Rules of Civil Procedure 41(b), 37, and 16 (Docket No. 219[2]).

---

[1]In support of their motion, the SPCA defendants filed an attorney's declaration with
exhibits, Docket No. 216; memorandum of law, Docket No. 215; attorney's declaration in further
support of the motion, with exhibits, Docket No. 223; and attorney's reply declaration, Docket
No. 235.  These defendants also moved, in the alternative, to extended the discovery deadline to
February 28, 2007, Docket No. 221, and applied for an expedited briefing of this motion, Docket
No. 222.  The motion to extend was granted in part by holding that deadline in abeyance pending
these motions to dismiss, and the application for expedited briefing was denied, Docket No. 225.
        In opposition, plaintiffs submitted their attorney's declaration (with exhibits), and the
affidavit of plaintiff Sandra Sheehy (also with exhibits), Docket No. 233.

[2]In support of their motion, the McNeill defendants filed the declaration of their attorney
and a memorandum of law, Docket No. 219.

Previously, this Court granted the SPCA defendants motions for a protective order (Docket No. 161) and to compel documentary discovery from plaintiffs (Docket Nos. 165, 178), while denying plaintiffs' cross-motion to compel (Docket Nos. 169, 178). The Court then granted in relevant part the SPCA defendants' motion to compel plaintiffs' depositions and other discovery (Docket No. 201). That Order scheduled those depositions to begin on December 4, 2006, and set the discovery deadline in this case for December 14, 2006 (Docket Nos. 201, 202), but that deadline was later extended to December 22, 2006 (Docket No. 207). This Court later held the discovery deadline in abeyance pending resolution of these motions to dismiss, but did not stay outstanding discovery (Docket Nos. 225, 226).

Prior to this action, the current Scheduling Order in this case had discovery due by December 22, 2006 (Docket Nos. 207, 218) and an earlier Order had dispositive motions due by February 2, 2007 (Docket Nos. 201, 202; see also Docket No. 218).

## BACKGROUND

This 2002 civil rights action (see Docket No. 1, Compl., filed Aug. 16, 2002) arises from the seizure of plaintiffs' dairy cattle from their family farm in Wellsville, Allegany County, New York, allegedly upon the direction of the SPCA defendants and on the veterinary advice of defendant McNeill. Familiarity with the facts of plaintiffs' claims and the procedural history of this case is presumed from prior Reports & Recommendations (Docket Nos. 38, 72, 117, 137) and Orders (Docket Nos. 178, 79, 95, 123, 130, 140, 201, 226) entered herein.

---

In opposition, plaintiffs submitted the same declaration of their counsel and affidavit of Sandra Sheehy (each with exhibits) submitted in opposition to the SPCA defendants' motion, Docket No. 233.

*Prior SPCA Discovery Motions*

The SPCA defendants' present motion, the **sixth** discovery motion overall from these movants (cf. Docket Nos. 161, 165, 179, 183, 204, 215), is a follow up from that earlier discovery motion practice. *First*, on June 30, 2006, the SPCA defendants moved for a protective order against overly burdensome interrogatories posed by plaintiffs (Docket No. 161). Plaintiffs posed 114 interrogatory questions which asked over 300 questions including their subparts, well beyond the 25 interrogatory (including subpart) limit of Federal Rule of Civil Procedure 33 absent leave of the Court (Docket No. 178, Order of Aug. 9, 2006, at 6). *Second*, on July 7, 2006, the SPCA defendants moved to compel plaintiffs to respond to the SPCA defendants' discovery demands (Docket No. 165). Plaintiffs meanwhile cross-moved on July 14, 2006, to compel answers to their interrogatories, sought belated leave to pose more interrogatories, and for extension of time to respond to defendants' request for production (Docket No. 169). On August 9, 2006, the Court granted the SPCA defendants a protective order and limited plaintiffs either to

> "identifying which 25 interrogatories (including subparts) they want answered or to resubmit their initial interrogatories as up to 25 interrogatories, as well as seeking this information by other discovery methods (such as a separate document demand, within this Court's 25 demand limit, W.D.N.Y. Loc. Civ. R. 34, or by depositions, which plaintiffs have noticed, Docket No. 174, Defs. Atty. Reply Decl. ¶ 5)"

(Docket No. 178, Order at 7). That Order also granted the SPCA defendants' motion to compel (id. at 8-9), but granted in part and denied in part plaintiffs' cross-motion (id. at 8, 9-10), granting a limited extension of time for plaintiffs to respond to defendants' discovery, but noting that

plaintiffs waived their right to object to the interrogatories by not filing timely objections (id. at 8-10).

*Third*, on September 11, 2006, the SPCA defendants again moved to compel, this time seeking plaintiffs appearance at their depositions in October 2006 (Docket No. 179), noticed for SPCA's defense counsel's office in Buffalo.  Due to the briefing schedule and extensions thereto (see Docket Nos. 194, 195 (holding discovery deadline in abeyance)), the initially sought dates for the depositions were missed (Docket No. 201, Order of Nov. 13, 2006, at 8), but the Court ordered these depositions to begin on December 4, 2006 (Docket No. 201).  *Fourth*, on September 14, 2006, the SPCA defendants moved to strike or preclude plaintiffs' expert testimony for plaintiffs failure to produce expert reports with their initial disclosure or in subsequent discovery (Docket Nos. 182, 183).  On November 13, 2006, the Court issued an Order (Docket No. 201) which granted in part and denied in part SPCA defendants' motion, compelling plaintiffs' deposition but denying discovery sanctions, and extended the discovery deadline to December 14, 2006 (id. Order at 8-9, 10; Docket No. 202).  Their motion also was granted in part where plaintiffs failed to provide expert disclosure, but again denied as to sanctions (Docket No. 201, Order at 9, 10).

Meanwhile, the Court scheduled a settlement conference for October 30, 2006 (Docket No. 187), but at that conference plaintiffs reported that they had not received one of their expert's reports and thus could not make a demand.  Plaintiffs were required to issue their demand before a further conference, then set for November 16, 2006 (Docket No. 200).  At the November 16 conference, plaintiffs made a demand which defendants rejected (see Docket No. 203), and

parties were reminded that depositions were to begin in December and discovery was to be completed (id.).

*Fifth*, the SPCA defendants moved to compel plaintiffs to answer interrogatories and produce documents (Docket No. 204).  They sought to have plaintiffs verify their interrogatory answers and complete document production, namely documents describing their damages (Docket No. 205, SPCA Defs. Atty. Decl. ¶¶ 14, 16-17).  Plaintiffs failed to produce the requested documents because the requests asked about their "farm in Allegany," and for which they claim that they had no farm in (the Town of) Allegany, but in Scio (id. ¶ 15, Exs. E, I). When the SPCA defendants raised the issue, plaintiffs' counsel insisted upon a new, corrected request (id. ¶ 15; see Docket No. 212, Pls. Atty. Affirm. ¶¶ 4-5, 6).  Plaintiffs resisted responding although their farm is in Allegany County and the materials sought involve the seizure of the cattle at issue in this case.  Interrogatory 5 asked plaintiffs to identify the reason why they believed the SPCA defendants were negligent or committed willful misconduct, but plaintiffs gave a vague answer.  The SPCA defendants sought a more definitive response (Docket No. 205, SPCA Defs. Atty. Decl. ¶ 18), claiming that plaintiffs failed to describe the acts or events witnessed by each witness (id. ¶ 19, Ex. I).  These defendants argued that plaintiffs failed to respond to four document requests seeking specificity, but the SPCA defendants contended that this Court's earlier Order held that plaintiffs waived all objections to their discovery demands (id. ¶ 20).

The briefing for this motion also scheduled plaintiffs' cross-motion to compel to be filed by December 1, 2006 (Docket No. 207, Order of Nov. 20, 2006).  Plaintiff moved for extension of time to December 4, 2006, due to a recent storm preventing plaintiffs' new counsel from filing

a timely response on December 1 (Docket No. 209).  This Court granted the extension for the

response to December 4, 2006 (Docket No. 214), although plaintiffs filed their response the next

day (Docket Nos. 214, 215).  The Court also noted plaintiffs had not filed their cross-motion to

compel and were thus denied an extension of time for filing a cross-motion (Docket No. 214).

The Court later held in abeyance the latest discovery deadline (of December 22, 2006) pending

resolution of these motions but expressly did not stay discovery (Docket No. 225, Order of

Dec. 13, 2006, at 3).

     The Court (Docket No. 226, Order of Dec. 13, 2006) granted in part the SPCA

defendants' motion, compelling plaintiffs to produce documents sought involving their farm in

Allegany County, damages documentation, verification for their interrogatory answers, and, for

the first time, awarding discovery motion costs as a Rule 37 sanction (see Docket No. 234, Order

of Jan. 11, 2007, Order awarding attorneys' fee sanctions against plaintiffs and their counsel).

The Order, however, denied the SPCA defendants' motion to compel a further answer to

Interrogatory 5, deeming plaintiffs response to be sufficient, and holding that plaintiffs preserved

the right to object to defendants' document demands (unlike the time limit for objections to

interrogatories, cf. Fed. R. Civ. P. 33(b)(4)) (Docket No. 226, Order at 7-9).

*SPCA Defendants' Present Motion to Dismiss*

     As discussed above, the SPCA defendants sought to depose plaintiffs and had an Order

(Docket No. 201) compelling these depositions to begin on Monday, December 4, 2006.

Plaintiffs' counsel had confirmed with SPCA defense counsel that the depositions would begin

on that date (Docket No. 216, SPCA Defs. Atty. Decl. ¶ 5, Ex. A).  But at 8:30 that morning,

plaintiffs' counsel called the SPCA defendants' counsel and reported that his clients would not

appear for the deposition, despite the Court Order (id. ¶ 6, see id. Ex. B).  On the previous

Friday, December 1, 2006, plaintiffs themselves directly wrote to the Court and to all counsel

indicating their inability to attend that deposition and seeking to be examined by alternative

means (written deposition or by telephone conference, see Fed. R. Civ. P. 31, 30(b)(7)) (id. ¶ 6

n.2, Ex. C[3]; Docket No. 233, Sandra Sheehy Aff. ¶ 3).  The SPCA defendants (Docket No. 216,

SPCA Defs. Atty. Decl. ¶ 6 n.2, Ex. D), and defense counsel for defendants McNeill and

Lakewood Veterinary Service (see letter to Chambers from Janet Callahan, Dec. 1, 2006)

vigorously denied plaintiffs' request.  The McNeill defendants' counsel, from Syracuse,

New York, was on route to this deposition in Buffalo when she learned of plaintiffs' non-

appearance (see Docket No. 216, SPCA Defs. Atty. Decl. ¶ 6).

    The SPCA defendants complain that plaintiffs have altered the SPCA defendants'

medical authorization forms and had directed medical records be sent to their attorney rather than

to the SPCA defendants' counsel (id. ¶¶ 16, 17, Exs. F, H) and described further difficulties in

obtaining unrestricted authorizations (id. ¶¶ 18-20, Exs. I, J, K).  They later complain that one

plaintiff "borrowed" the medical records from his counsel so that he could copy them and

counsel, now citing HIPPA, refuses to produce these medical records without plaintiffs'

permission (Docket No. 223, SPCA Defs. Atty. Decl. ¶ 9, Ex. A, e-mail from Jeanne Vinal to

Jodyann Galvin, Dec. 8, 2006).  The SPCA defendants claim that plaintiffs have defaulted in

---

[3]The SPCA defendants question the continuity of counsel given the correspondence
directly from plaintiffs, which accused their lead counsel of misconduct, Docket No. 216, SPCA
Defs. Atty. Decl. ¶ 46.  Plaintiffs, however, only added additional counsel, Docket No. 208,
without substituting existing counsel.
    Sandra Sheehy now claims that plaintiffs informed their counsel "in December" of their
inability to appear at the depositions due to financial hardship, Docket No. 233, Sandra Sheehy
Aff. ¶ 13.

providing expert's reports, with one expert's report unsigned and missing cited appendices

(Docket No. 216, SPCA Defs. Atty. Decl. ¶¶ 21-29, Exs. L, M, N) and the other expert never

producing a report (id. ¶ 30).  The SPCA defendants now alternatively move to strike and

preclude expert testimony (id. ¶ 21).

The SPCA defendants also note plaintiffs' unacceptable conduct in the manner in which

they delayed and then conducted the settlement conference (Docket No. 216, SPCA Defs. Atty.

Decl. ¶¶ 32-37), arguing that plaintiffs failed to serve a demand initially and delayed making that

demand, causing an adjournment of that conference.

Finally, the SPCA defendants note the litigiousness of plaintiffs in various other actions

they have filed in the past in New York and Pennsylvania (id. ¶¶ 39-43, Exs. R, S, T), alleging a

pattern of abuse of judicial process (see id. ¶ 44).

The SPCA defendants sought a stay of discovery while this motion to dismiss is pending

(id. ¶ 45).  They seek dismissal of this action due to the extreme circumstances alleged above.

Alternatively, they seek preclusion of evidence of plaintiffs' medical condition or any claim of

emotional distress; preclusion of expert testimony from Patrick O'Brien or David Weaver; and

preclusion of any documents not produced by plaintiffs.  As with past discovery motions, the

SPCA defendants also seek attorneys' fees for making this motion, as well as costs incurred for

preparing for the deposition. (id. ¶ 47.)

*Plaintiffs' Response*

Plaintiffs respond apologetically that circumstances beyond their control prevented their

attendance at the Buffalo depositions and that they offered alternative means to obtain their

testimony but defendants rejected them in order to place plaintiffs in a position to violate the

Court's Order (Docket No. 233, Pls. Atty. Decl. ¶¶ 3-7, 10-11, 13, Ex. B; id., Sheehy Aff. ¶¶ 3-6,

12).  They offer to conduct these depositions within 180 days, ideally in Wellsville (Docket No.

233, Pls. Atty. Decl. ¶ 12).  Sandra Sheehy states that in prior conferences in this and another

pending action in this Court plaintiffs indicated their difficulty in traveling from Wellsville to

Buffalo and, "as this Court is aware [that] Plaintiffs have to live on a monthly Social Security

allotment" of an unspecified amount (Docket No. 233, Sheehy Aff. ¶¶ 8-9, 11), although there is

no record before the Court of the sources of plaintiffs' income.  Sheehy also notes various

medical conditions that have recently afflicted three of the plaintiffs that also prevented their

travel from Wellsville to Buffalo in December 2006 (id. ¶ 14, Exs. A-E).  They note that the

Court's Order did not specify the location for these depositions (Docket No. 233, Pls. Atty. Decl.

¶ 5).  They argue that this Court's ordering depositions to start on December 4, 2006, applied to

plaintiffs' depositions as well (id. ¶ 9).

   Plaintiffs alternatively oppose precluding their experts because they claim they have

produced reports (or, for one expert, his affidavit) (id. ¶¶ 16-17) but without stating when it was

produced (or furnishing proof of service).  Plaintiffs seek 30 days to complete their discovery if

conducted in Wellsville or 180 days if the depositions have to be conducted in Buffalo (id. ¶ 14),

with plaintiffs believing that a stay of discovery is in place while the Court retained the

December 22, 2006, discovery deadline (id. ¶ 21).  Plaintiffs seek to extend the dispositive

motion deadline and the time to amend the Complaint to comport with discovered evidence (id.

¶¶ 24-25).  They also object to references in defendants' papers to plaintiffs' other litigation in

New York and Pennsylvania as being irrelevant and prejudicial (id. ¶¶ 18-20; id. Sheehy Aff.

¶¶ 22-29).

*SPCA Defendants' Reply*

The SPCA defendants reply that plaintiffs still have not complied with the Orders to produce documents, with plaintiffs now declaring that the documents sought are either trade secrets or subject to attorney-client privilege (Docket No. 235, SPCA Defs. Atty. Decl. ¶¶ 1, 35, Ex. B), but without submitting a privilege log identifying the documents subject to privilege or the claimed trade secret.  They note that plaintiffs were able to get to Bath, New York (to obtain a doctor's note), a day after the deposition was scheduled (and presumably could have gone to Bath to catch an intercity bus to get to Buffalo for their depositions) (id. ¶¶ 9-12).  They also note that plaintiffs' counsel earlier agreed to the location of these depositions (id. ¶ 16).  The SPCA defendants continue to complain that they still have not received medical authorizations and no medical records for Robert Sheehy (id. ¶¶ 18-21).  Plaintiffs finally mailed the full report from expert Patrick O'Brien on January 5, 2007 (id. ¶¶ 22-24), causing his scheduled December 2006 deposition to be cancelled (id. ¶ 24, n.6).  The SPCA defendants also note that plaintiffs have failed to comply with other Court Orders to supplement the other expert's report and the verification of interrogatory answers by all adult plaintiffs[4] (id. ¶¶ 27-28, 30-32).  Finally, to date plaintiffs and their counsel have not paid the costs sanction imposed in the last Order (id. ¶¶ 38-40; see Docket No. 234).

*Briefing Schedule*

Response to the present SPCA defendants' motion was due by January 5, 2007, any reply was due by January 19, 2007 (Docket No. 218), and the motion was deemed submitted, without

---

[4]Note, all plaintiffs have routinely signed papers filed in this case, e.g., Docket No. 216, Ex. C.

10

oral argument, on January 19, 2007 (id.).  The Court initially did not address the SPCA

defendants' stay request, but reaffirmed that the discovery deadline of December 22, 2006,

remained in place (id.).  The SPCA defendants moved for an extension of the discovery deadline

(Docket No. 222) and applied for an expedited briefing schedule for their motion to dismiss

(Docket No. 223).  The motion for extension was granted in part insofar that the discovery

deadline was held in abeyance while this motion to dismiss is pending (Docket No. 225), but

discovery was not stayed (id.).  The Court denied an expedited briefing of this motion, due to the

serious nature of the relief sought (id.).

*McNeill Defendants' Motion to Dismiss*

> For the first time, the McNeill defendants move regarding plaintiffs' perceived dilatory

behavior in producing discovery.  The McNeill defendants seek involuntary dismissal of the case

pursuant to Federal Rules 41(b) and 37 (Docket No. 219, McNeill Defs. Atty. Decl. ¶ 2).  They

point to the ordered and scheduled depositions of plaintiffs and plaintiff's own letter seeking to

avoid their coming to Buffalo for the depositions (id. ¶¶ 7-10).  The McNeill defendants' counsel

had confirmed with plaintiffs' counsel that the depositions would go forward as scheduled and

defense counsel made travel arrangements to come from her office in Syracuse to attend the

Buffalo depositions (id. ¶¶ 8, 11).  However, en route defense counsel learned that plaintiffs

stated their intention not to attend their deposition (id. ¶ 11).  The McNeill defendants note that

plaintiffs often traveled to Buffalo for other proceedings in this case (id. ¶ 13; see Docket No.

216, SPCA Defs. Atty. Decl. Ex. D, SPCA defendants' attorney's letter noting plaintiffs'

attendance at "every perfunctory conference in this and other litigation matters" and travel to and

from Buffalo was not apparently a hardship then).  Due to the numerous documents that need to

be shown to plaintiffs to elicit their testimony, the McNeill defendants contend that plaintiffs' in-person deposition is necessary and the preferred method for obtaining their testimony rather than by conducting the deposition by telephone or on written questions (Docket No. 219, McNeill Defs. Atty. Decl. ¶ 14).  The McNeill defendants argue that plaintiffs have failed to prosecute this action, hence the Complaint should be dismissed. under Rule 41(b) (Docket No. 219, McNeill Defs. Memo. of Law at 2).

*Plaintiffs' Response*

Plaintiffs generally argue here that any delay in this case was due to the failure of the McNeill defendants to answer the Amended Complaint (Docket No. 233, Pls. Atty. Decl. ¶ 15; id. Sheehy Aff. ¶ 20) and that it would be inequitable to allow these defendants to vacate their default while penalizing plaintiffs in this instance (see id., Pls. Atty. Decl. ¶ 15).  They do not contest that plaintiffs disregarded this Court's pretrial Order.

*Briefing Schedule*

To keep both pending motions to dismiss on a common track, responses to the McNeill defendants' motion also were due by January 5, 2007, with any reply due January 19, 2007 (Docket No. 220).  This motion also was submitted without oral argument on January 19, 2007 (id.).

## DISCUSSION

I.      Discovery Standards and Sanctions

Parties are reminded that discovery under the Federal Rules is intended to reveal relevant documents and testimony, but by a process with a minimum of judicial intervention, see 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 655-65 (Civil 2d ed. 1994), but this case has tested the Court's patience in repeated

discovery motions and recalcitrance upon one side resulting in numerous motions and Orders to

compel.  The failure of a party to attend his or her own deposition subjects that party to sanctions

including issue and evidentiary preclusion, Fed. R. Civ. P. 37(d)(1).  Failure of a deponent to be

sworn or to answer a question may be considered a contempt of Court, see id. R. 37(b)(1).  An

incomplete disclosure is treated as a failure to disclose, Fed. R. Civ. P. 37(a)(3).

    The SPCA defendants move under Rules 37 and 16 for the most severe sanction of

dismissal of the Complaint or evidentiary or claim preclusion because the discovery sought

(plaintiffs' deposition, expert reports) were ordered in previous Orders to compel (Docket

Nos. 178, 201).  Under Rule 37(b) for failing to comply with this Court's Order, other

appropriate sanctions are available, such as an order establishing facts, claim preclusion, striking

pleadings or dismissal of action, see Fed. R. Civ. P. 37(b)(2)(b)(2)(A) (facts established),

(b)(2)(B) (refusing to allow disobedient party to support claim or defense), (C) (striking

pleadings), or (D) (contempt of court for failing to produce witness, as well as payment of

opponent's reasonable expenses, and attorneys' fees), as well as attorneys' fees and costs for the

motion to compel, id.  Rule 37(b)(2) refers to the party or counsel advising that party or both

being responsible for paying the motion expenses.  Rule 37(d) calls upon the Court to make such

orders in regard to disclosure failures as are just.  This Court has wide discretion to impose

sanctions and determine the type of sanction to be imposed under Rule 37(d).  See Reilly v.

NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999).  The dismissal of a claim or

preclusion of evidence for failure to respond to a discovery request is a drastic remedy.  Burnett

v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan

<u>Hockey Club</u>, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction).  This most severe sanction is available not just to penalize those whose conduct might warrant it but also to deter others from who might be tempted, <u>id.</u>  Although under Rule 37(a)(2)(B) and this Court's Local Civil Rule 37 the SPCA defendants need to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel, under Rule 37(b) or (d) no such certification of good faith efforts is required for a motion to preclude for failure to adhere to an Order to compel.

II.      SPCA Defendants' Motion to Dismiss or for Preclusion

         A.      Dismissal

         Plaintiffs were ordered to appear at a deposition on December 4, 2006 (Docket No. 201, Order at 8), which was noticed by defendants to be conducted in Buffalo (Docket No. 179, Exs. B-E).  As plaintiffs correctly note (Docket No. 233, Pls. Atty. Decl. ¶ 8), the Order did not specify the location for the deposition.  The issue under that motion, however, was the date or dates for the examination and not its location because there was no objection to the location and no subsequent motion by plaintiffs when the location later became an issue.  Instead, all of the plaintiffs directly wrote to the Court (including signatures by the infant plaintiffs) and to counsel stating that they did not have enough gas money to travel from Allegany County to Buffalo (Docket No. 216, SPCA Defs. Atty. Decl. Ex. C; Docket No. 233, Sheehy Aff. ¶ 3).  Now, in response to this motion, plaintiffs point to other impediments to conducting this examination in Buffalo, detailing some of their financial and medical hardships (<u>see</u> Docket No. 233, Sheehy Aff. ¶¶ 8-9, 11-14).

When they commenced this action, plaintiffs (represented by counsel from the inception of this action) paid the filing fee (see Docket No. 1), and have not moved for in forma pauperis status or otherwise claimed poverty. Sandra Sheehy now states that the Court is aware of plaintiffs' sole source of income is from Social Security benefits (Docket No. 233, Sheehy Aff. ¶ 11), but there is nothing in the record before the Court in this action to support this assertion (but cf. Docket No. 1, Compl. ¶ 80, alleging continuing economic damages from seizure of cattle). Furthermore, plaintiffs themselves wrote to this Court when they had three attorneys (cf. Docket No. 208 (notice of appearance of Richard Baumgarten, Esq.)) representing them rather than have any of their attorneys contact the Court. Plaintiffs or their counsel did not raise as opposition to the SPCA defendants' earlier motions to compel these depositions their inability to appear or offer alternative means to obtain their testimony (such as by telephone conference, Fed. R. Civ. P. 30(b)(7) (which requires either stipulation of the parties or a Court Order) or written question deposition, R. 31, or changing the site of the deposition). Plaintiffs did not move for a protective order even at the late date of December 1 or December 4 to avoid this method of production. Instead, plaintiffs wrote their letter on their own and then decided not to appear at the deposition as scheduled and ordered. Almost a week later, their counsel e-mailed defense counsel proposing alternative methods to avoid this default, mainly by having counsel go to plaintiffs in Wellsville for their depositions (see Docket No. 223, SPCA Defs. Atty. Decl. Ex. A). This offer did not include, for example, covering the added expense of conducting the depositions outside of SPCA defense counsel's office and only noted the possible inconvenience to SPCA defendants' counsel and plaintiffs' counsel. While plaintiffs now argue that their own depositions of defense witnesses should have occurred on December 4, 2006 (Docket No. 233,

15

Pls. Atty. Decl. ¶ 9), plaintiffs never cross-moved to compel defense disclosure and the Order only addressed the parties' failure to set a schedule for deposing plaintiffs. Plaintiffs have not moved to compel defendants' deposition, hence the Court does not know where (for example) plaintiffs noticed these depositions (cf. Docket No. 179, SPCA Defs. Atty. Decl. Exs. E (letter Sheldon Smith, counsel for SPCA defendants, to Jeanne Vinal, May 11, 2006, noting plaintiffs' depositions of defendants were not yet noticed, but defense witnesses would be available on July 26, 2006), J (letter Janet Callahan, counsel for McNeill defendants, to Vinal, Aug. 28, 2006, offering to make McNeill available for deposition within October 3-11, 2006, period)).

The issue, however, has gone beyond the inability of the parties to work out deposition schedules. This Court ordered plaintiffs to be deposed starting December 4 and plaintiffs (despite their expressed hardships) disregarded it, choosing the wrong method for obtaining relief from this Order. This contempt of this Court should not be countenanced. Despite the drastic nature of this sanction, see NHL, supra, 427 U.S. at 643 (holding that dismissal under Rule 37 was not abuse of discretion by district court), the ultimate sanction of dismissal of the Complaint as to the SPCA defendants is in order.

As the Supreme Court upheld in National Hockey League, supra, plaintiffs' conduct is an example of flagrant bad faith and disregard of their responsibilities as litigants to produce discovery when sought and ultimately compelled. In that case, plaintiffs (after many delays and orders) were ordered to produce answers to interrogatories by a certain date and they failed to do so, id. at 640. Here, after numerous motions and an Order to compel, plaintiffs were to be present for their deposition on December 4, 2006, but unilaterally (and apparently without the advice of counsel) decided not to appear. Although plaintiffs' counsel proposed alternative site

and discovery means about a week later (after their clients unexcused absence) (see Docket

No. 223, SPCA Defs. Atty. Decl. Ex. A), that alone does not excuse her clients' conduct.

First, since the Court ordered these depositions on the date stated, any adjustment (absent

a stipulation, not forthcoming from the SPCA defendants) to this Order would have to come

from the Court by means of a motion.  Second, this matter was beyond the good faith efforts

stage for the parties to resolve a discovery dispute.  The Court's Order resolved the initial date

dispute and it was now merely a matter of compliance with that Order.  Third, plaintiffs' counsel

had the means to properly raise before the Court her clients' concerns or later inability to comply-

-for example, by filing an order to show cause for a protective order to change the means or

method for this discovery, a motion for expedited hearing prior to the start of the December 4

depositions, an application for in forma pauperis status given plaintiffs' most recent alleged

financial reverses--but failed to do so.  Fourth, plaintiffs' counsel may have offered means to

resolve the dispute in order to have plaintiffs' depositions of defendants go forward while not

addressing the default of her clients in being deposed themselves[5].  Fifth, while plaintiffs argue

that defendants had forced plaintiffs to violate the Order (see Docket No. 233, Pls. Atty. Decl.

¶ 6), plaintiffs retained the means either to comply with the Order (for example, counsel could

---

[5]Defendants call as "meritless" the contention that plaintiffs can seek to depose
defendants while plaintiffs "are in contempt" of their ordered depositions, Docket No. 223,
SPCA Defs. Atty. Decl. ¶ 12 n.4.  Plaintiffs have a point that the Federal Rules do not recognize
priority, cf. id. Ex. A; Fed. R. Civ. P. 26(d) (unless ordered otherwise, methods of discovery may
be used in any sequence and the fact a deposition is being conducted does not delay any other
party's discovery), to automatically bar the non-compliant party's own discovery.  The better
practice would have been to move for a protective Order or include as added relief in the last
motion to compel that plaintiffs' discovery be barred due to their default in responding to defense
discovery and raising the issue for the Court to ultimately determine.

have picked up her clients and transported them to defense counsel's office (cf. Docket No. 235,

SPCA Defs. Atty. Decl. ¶ 9, n. 1)) or to avoid its terms by a proper motion for a protective Order.

As noted by the SPCA defendants (Docket No. 216, SPCA Defs. Atty. Decl. ¶¶ 39-42,

Exs. R, S, T), plaintiffs are not novice pro se litigants.  The Court only considers defendants'

descriptions of plaintiffs' prior litigation and not the underlying issues in those cases or any

allegation of misuse of process to show plaintiffs' familiarity with the civil judicial process.  In

Pennsylvania and New York, plaintiffs (often pro se) commenced actions in federal and state

courts (id.), including two other actions pending in this Court.  In this case, plaintiffs now are

represented by three attorneys, and had a firm of two attorneys represent them at the filing of the

Complaint.  Thus, plaintiffs are familiar with the judicial process and should be aware that a

mere fax or two by them to the Court and counsel is not sufficient to lift a court Order or even to

seek relief from that Order.

Plaintiffs seek an extension of time, up to 180 days if required to be done in Buffalo, to

conduct defendants' depositions of them, or offering to conduct them either in Wellsville or

Olean within 30 days (Docket No. 233, Pls. Atty. Decl. ¶ 12).  Plaintiffs do not explain what will

happen within 180 days that would delay their examination in Buffalo.  Plaintiffs do not state

whether the physical ailments asserted will last that long to prevent these depositions and

plaintiffs do not outline their financial situation within the next 180 days to indicate that their

transportation problems will persist.  The question here is whether plaintiffs' default should be

excused and an extension of time granted to complete this discovery so as to avoid the most

severe sanction of dismissal (or even the less severe sanction of preclusion).  Simply put,

plaintiffs want to travel to Buffalo at their convenience, despite the Order of this Court or judicial

process to the contrary.  Plaintiffs have had sufficient time to be deposed (or even to notice the

deposition of defense witnesses and other witnesses).  Ultimately, they were ordered to be

deposed on a date certain and they did nothing to avoid this event in a proper manner.  Further,

plaintiffs stopped producing discovery to defendants or have produced in a reluctant manner

(declaring documents sought either are attorney-client privilege, trade secrets, or already

produced in prior discovery), all without identifying which documents were already produced or

were subject to some asserted privilege.

Since the remaining defendants have not moved to compel plaintiffs' examination or for

sanction for their not appearing at the depositions (despite their just cause for the added expense

of having their counsel make travel arrangements from Syracuse to Buffalo for the aborted

depositions (see Docket No. 219)), the entire Complaint cannot be dismissed under Rule 37(b)

alone absent some allegation (not present on this record) that the other defendants relied upon the

discovery efforts of the SPCA defendants in initiating the deposition of plaintiffs.  But claims in

the Complaint against **the SPCA defendants should be dismissed** under Rule 37(b) for

plaintiffs failure to appear as ordered at the December 4 depositions.

B.      Issue or Evidentiary Preclusion

Alternatively, the SPCA defendants argue that certain pieces of evidence that were not

produced should be precluded, and for certain claims that no discovery was produced (such as

medical or emotional damage claims) should be precluded (Docket No. 216, SPCA Defs. Atty.

Decl. ¶¶ 21, 47).  This lesser sanction than outright dismissal of the Complaint also is warranted

here, but ultimately imposing this sanctions will lead to the same result as the outright dismissal

but only with additional steps.  Plaintiffs would proceed to dispositive motions or trial on fewer

claims and could support these remaining claims on only evidence that they previously produced

to defendants. Rather than go down this procedural route, the Complaint should be **dismissed as**

**against the SPCA defendants** as recommended above.

III.     McNeill Defendants' Motion to Dismiss

The McNeill defendants have not moved to compel plaintiffs' disclosure (or formally

joined in the SPCA defendants' numerous discovery motions). They contend that plaintiffs are

disregarding this Court's pretrial Orders, in particular the Order scheduling their December 4

depositions. They call this failure to appear "deliberate, willful and completely unwarranted"

(Docket No. 219, McNeill Defs. Memo. at 4). Instead, the McNeill defendants argue that

plaintiffs have failed to prosecute this action or to comply with Court rules or Orders (Docket

No. 219, McNeill Defs. Memo. at 2-3). The Second Circuit in Peart v. City of New York, 992

F.2d 458, 461 (2d Cir. 1993), set forth five factors it considers when reviewing a district court's

order to dismiss an action under Rule 41(b)

> "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received
> notice that further delays would result in dismissal, (3) whether the defendant is
> likely to be prejudiced by further delay, (4) whether the district judge has taken
> care to strike the balance between alleviating court calendar congestion and
> protecting a party's right to due process and a fair chance to be heard, and (5)
> whether the judge had adequately assessed the efficacy of lesser sanctions."

The McNeill defendants contend that these factors exist here to justify dismissal of this action

(id.). As for the first factor, they argue that plaintiffs failed to prosecute by having the action

remain dormant or through a pattern of dilatory tactics (id., citing Lyell Theatre Corp. v. Loews

Corp., 682 F.2d 37, 42 (2d Cir. 1982)). They point to being prejudiced by further delay in the

action, that the action has been pending for over three years without plaintiffs' deposition (id.).

As with dismissal under Rule 37(b), dismissal for failure to prosecute is a "'harsh remedy to be utilized only in extreme situations,'" Harding v. Federal Reserve Bank of N.Y., 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilman v. Rutland Hosp., 455 F.2d 853, 855 (2d Cir. 1972)). Unlike Rule 11, see Fed. R. Civ. P. 11(d), Rule 16(f) does not expressly exclude discovery orders as a "pretrial order" governed by Rule 16(f) sanction, see also Resolution Trust Corp. v. Williams, 165 F.R.D. 639 (D. Kan. 1996) (Newman, Mag. J.) (disobeying scheduling order with directive to produce documents sanctionable under Rules 16(f) and 37); Kiser v. Boeing Co., 163 F.R.D. 13, 14 (D. Kan. 1995) (Reid, Mag. J.) (plaintiff sanctioned for failing to provide expert disclosure pursuant to court's scheduling order); but cf. Salahuddin v. Harris, 782 F.2d 1127, 1133 (2d Cir. 1986) (rejecting Rule 16(f) sanctions for "implied" order, discussing Rule 16(f) deals with "pretrial scheduling orders").

To be fair (and as previously found, see Docket Nos. 96, 117, 137; see also Docket No. 219, McNeill Defs. Atty. Decl. ¶ 4) much of the delay initially in this case was due to other defendants' pending motions to dismiss or for summary judgment, including a serviceman defendant obtaining a statutory stay of the action.  Another source of delay as to McNeill was the period of his default and the motion practice to lift it (Docket Nos. 124 (plaintiffs' request for Clerk's entry of default), 128 (entry of default); see Docket No. 132, 137 (Report & Recommendation), 140 (Order), 219, McNeill Defs. Atty. Decl. ¶¶ 3-5; see Docket No. 233, Pls. Atty. Decl. ¶ 15).  The McNeill defendants, however, point out the eleven months that has elapsed since these default issues were dealt with in which no depositions were held (Docket No. 219, McNeill Defs. Atty. Decl. ¶ 6), with the scheduled and ordered depositions later being disregarded by plaintiffs.

While plaintiffs complained about the delay in the McNeill defendants not filing a timely Answer to the Amended Complaint (<u>see</u> Docket No. 233, Pls. Atty. Decl. ¶ 15; <u>id.</u> Sheehy Aff. ¶¶ 19-20; Docket No. 134, Pls. Memo. at 10, 11, 14), the tables have turned when, almost a year later, defendants sought plaintiffs' deposition and they chose not to attend.  As for the McNeill defendants when they moved to vacate the default, they indicated that they relied upon former counsel's representations that their Answer to the original Complaint would suffice to address the Amended Complaint and counsel somehow disregarded Orders requiring their Answer for the amended pleading (<u>see</u> Docket No. 1137, Report & Rec. at 7-8), where that counsel was replaced by new counsel who moved to vacate the default (<u>id.</u> at 11).  Plaintiffs, however, had means to object to the location of the deposition, in fact had its counsel days prior to the scheduled start indicating that there was no problem.

The Complaint, therefore, should be **dismissed** for failure to prosecute under Rules 41(b), 16, and 37.

IV.   Scheduling Issue

Under the current schedule, the discovery deadline of December 22, 2006 (Docket Nos. 207, 218), was held in abeyance pending determination of these motions (Docket No. 225), and dispositive motions remain due by February 2, 2007 (Docket Nos. 202, 218).  Plaintiffs argue that they should get more time to complete their discovery, apparently stayed by this motion practice (Docket No. 233, Pls. Atty. Decl. ¶¶ 21-25).  The Court's subsequent Order regarding the briefing schedule for this motion, however, held in abeyance the discovery deadline and expressly stated that discovery was **not stayed** while the motion was pending and the Scheduling Order would be revisited as necessary if this motion to dismiss and McNeill's motion

22

are denied (Docket No. 225, Order at 3).  The intention was to have the parties continue and complete discovery (still necessary if the motions to dismiss are denied) in parallel to consideration of these motions.  While the recommended disposition of these motions will render further discovery moot, until these motions are ruled upon following the objection process, this action remains open and its schedule needs to be considered.  The Court **continues** to hold in abeyance the Scheduling Order (Docket No. 207) deadlines to conclude discovery and the subsequent deadlines pending resolution of these motions through resolution of any objections to this Report or the expiration of the time for such objections.  If either motion eventually is denied, the Court will reexamine the Scheduling Order in this case; but plaintiffs will not be granted 180 days they now seek to complete discovery.  They had plenty of time to commence their discovery or to seek Court relief when that discovery was not forthcoming.

The McNeill defendants counsel wrote to the Court requesting that the dispositive motion deadline of February 2, 2007, be extended until after the pending motions to dismiss are decided (letter to Chambers from Janet Callahan, Jan. 26, 2007, received Jan. 29, 2007).  That request is **granted**, and is consistent with the intention of holding the prior discovery deadline in abeyance pending resolution of these motions.  The dispositive motions deadline also is **held in abeyance** pending the final resolution of defendants' motions to dismiss.

V.      Other Monetary Sanctions

A.      SPCA Defendants

After previous motions, the Court declined to impose Rule 37 sanctions (see Docket No. 201, Order at 8, 9), except with the motion to compel complete document discovery (Docket Nos. 226, 234), in part to avoid ancillary motion practice that would have the Court and the

parties delay consideration of the merits in this action.  Given the number of discovery motions in this case by the SPCA defendants and the extremity and temerity of plaintiffs' inaction, the Court again deems it necessary to impose monetary sanctions under Rule 37(a)(4) as well as recommend dismissal of the action.  Again, despite plaintiffs' claims of poverty, they have not formally moved for in forma pauperis status.  Furthermore, the Court determines whether to impose these sanctions upon the plaintiffs alone or upon their attorneys or upon both, see Fed. R. Civ. P. 37(b).  Plaintiffs lack any substantial justification for not appearing at their deposition or not complying with Court Orders to complete their responses to outstanding discovery demands.

Thus, the SPCA defendants may apply for their reasonable motion costs for this pending motion (and, to be clear, not to cover the costs for its other, prior motions).  Plaintiffs may respond to that application and the Court will determine the reasonable costs to be awarded as sanctions (and upon whom those costs will be imposed) after plaintiffs' response time has expired.

The SPCA defendants also seek the costs of preparing for the deposition that did not occur (Docket No. 216, SPCA Defs. Atty. Decl. ¶ 47).  Courts have imposed as part of the discovery sanction the costs for conducting the deposition where the opponent had violated the rules for its conduct, see American Directory Serv. Agency v. Beam, 131 F.R.D. 635, 645 (D.D.C.) (Robinson, Mag. J.) (Report & Recommendation, attorney ordered to pay for opponent's costs in taking deposition as well as costs for motion to compel), adopted as modified, 131 F.R.D. 15 (D.D.C. 1990) (citing authority under 28 U.S.C. § 1927); Antonio-Garcia v. Shadrin, 208 F.R.D. 298, 300 (D. Ore. 2002) (sanctioning recalcitrant defendant the cost of motion plus attorneys' fees and costs of first deposition); cf. Morales v. Zondo, Inc.,

24

204 F.R.D. 50, 53-54 (S.D.N.Y. 2001) (sanction under 28 U.S.C. § 1927 and court's inherent

power to include imposing deposition cost upon counsel); United States v. Kattar, 191 F.R.D. 33,

39 (D.N.H. 1999) (sanctioning attorney the government's costs in re-deposing witnesses),

including this Court, see DirecTV, Inc. v. Rowland, No. 04CV297, Docket No. 49, Order of

June 10, 2005, at 3-4.  The SPCA defendants are entitled to recover their costs in preparing for

the deposition that did not occur due to plaintiffs' disobedience.

      B.      McNeill Defendants

      The McNeill defendants also seek monetary sanctions under Rules 37, 16, and 41 and this

Court's Local Civil Rule 37 (Docket No. 219, Notice of Motion).  In particular, the McNeill

defendants' counsel incurred costs of travel from Syracuse to attend the eventually aborted

depositions.  This Court's Local Civil Rule 37, however, does not authorize the award of

monetary sanctions; that rule merely sets forth the requirement for discovery motions that the

parties first certify that good faith efforts to resolve this matter were undertaken prior to moving,

W.D.N.Y. Loc. Civ. R. 37.  Federal Rule of Civil Procedure 41(b) also does not contain a

monetary sanction if an action is involuntarily dismissed; rather Rule 41(d) allows the Court to

award costs in a second action based upon a claim previously dismissed in the first action.  Rule

16(f), with its reference to Rule 37(b)(2) sanctions, is the only provision that may authorize

recovery of the McNeill defendants' costs.  Under Rule 16(f), if a party fails to obey a scheduling

or pretrial Order, the judge (either upon motion or on his or her own) may make such Orders that

are just, including imposing Rule 37(b)(2)(B), (C), or (D) sanctions (refusing a disobedient party

to support or oppose claims or defenses; striking pleadings; holding the party in contempt of

court).  In lieu of these sanctions or in addition to them, the Court may require the party or

25

counsel or both to pay the reasonable expenses incurred because of their noncompliance, including attorneys' fees, unless the Court finds that noncompliance was substantially justified. Fed. R. Civ. P. 16(f).

Here, the McNeill defendants incurred attorney's fees and their counsel's travel expenses for the aborted depositions as well as the costs for this present motion.  As stated above for the SPCA defendants, there remains no justification for plaintiffs' noncompliance.  Imposing this sanction of the McNeill defendants' costs should make them whole due to plaintiffs noncompliance.  Thus (as discussed above), as the SPCA defendants are entitled under Rule 37 to recover their reasonable motion costs, the McNeill defendants are also entitled to recover their reasonable expenses under Rule 16(f).

C.      Apportioning Liability

One issue the parties should consider in the fee applications is whether plaintiffs and/or any of their counsel should be responsible for the sanction and to what extent.  Under Rules 37 or 16, the party or counsel or both may be responsible for the sanction.  In the fee applications and responses from plaintiffs, this apportionment should be discussed.  In the last fee award (Docket No. 234, Order at 7-10, 11), despite the parties' failure to discuss this particular issue, the Court found plaintiffs jointly liable with their counsel, equally apportioning liability (id. at 10, 11).  The Court again invites the parties to address this apportionment issue and state whether plaintiffs alone, their counsel alone, or both attorneys and clients should be responsible for these sanctions.

## CONCLUSION

For the reasons stated above, defendants Mary Ann Wehlage and Allegany County SPCA's joint motion to dismiss the Complaint (Docket No. 215) should be **granted** as to the

26

SPCA defendants.  Similarly, the joint motion of remaining defendants McNeill and Lakewood

Veterinary Services (Docket No. 219) to dismiss the Complaint for failure to prosecute should be

**granted**.  Since these are the last remaining defendants in this action, it is recommended that the

action thus be **dismissed**.

The deadlines in the latest amended Scheduling Order (Docket Nos. 201, 202, 218)

remain **held in abeyance** (including the discovery deadline and dispositive motion deadline)

pending the filing and determination of objections to this Report or until the running of the time

for such objections to be filed.  Plaintiffs' request (Docket No. 233, Pls. Atty. Decl. ¶¶ 21-25),

however, for additional time to complete discovery is **denied in part** as to the extent of the

amount of time sought by them.  If necessary, the Court shall issue a new Scheduling Order

including deadlines for completing all outstanding discovery and for filing of dispositive

motions.

Both sets of moving defendants shall file and serve their respective cost and fee

applications for the reasonable costs for their motions and other allowed expenses, as described

in this Report (including the SPCA defendants' costs for the aborted depositions and the McNeill

defendants' counsel travel costs), within five (5) business days of entry of this Report (including

discussion of apportionment of responsibility for the monetary sanction); plaintiffs may respond

within ten (10) business days of entry of this Report (including discussing their belief as to the

responsible parties), and this Court will issue a separate Order setting forth the appropriate

monetary sanctions.

27

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

28

So Ordered.

_____
/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 29, 2007